THE EVANSVILLE, INDIANAPOLIS AND CLEVELAND STRAIGHT LINE RAILROAD COMPANY *v.* COCHRAN.

Two of the questions arising in this case were decided in the case of the same company against *Fitzpatrick, ante,* 120.

In a proceeding by a railroad company to appropriate lands for a right of way, the statements of witnesses touching the value per acre of the lands appropriated, are admissible.

Where the jury, in such a case, were sent to examine the premises, and the record contained nothing in relation to the impression produced upon the minds of the jury by the examination,—*held,* that the evidence was not all in the record, though the bill of exceptions stated that it contained it all.

Evidence is that which produces conviction on the mind, as to the existence of a fact.

An occular examination of the premises alleged to have been injured, might, in this instance, have that effect, as well as an oral detail of circumstances.

*Saturday,*
*June 26.*

APPEAL from the *Pike* Circuit Court.

HANNA, J.—This was a proceeding under the statute by the railroad company, to appropriate lands for the right of way, &c. Appraisers were appointed, whose report was, upon written exceptions thereto filed by the land-owner, set aside, and a trial by a jury had, which resulted in a verdict and judgment for defendant of 300 dollars.

There are several errors assigned.

The first is upon the reception of evidence.

The questions asked, to which objections were made, were as to the necessity devolved upon the defendants, by the construction of the road, to make additional fences, and the amount thereof. This, and a kindred question growing out of instructions as to the same point, were considered in the case of the same appellants against *Fitzpatrick,* at this term (1).

The next error assigned is, in regard to the rulings of the Court in giving and in refusing certain instructions relative to benefits or injury to the land-owner by the construction of the road, &c. An exposition of the law upon these points was also given in the case referred to. We see no reason to change our rulings in that case.

May Term, 1858.

THE EVANS-VILLE, &c., RAILR'D Co. v. COCHRAN.

It is insisted that the statements of witnesses as to the value per acre of the land appropriated, were improperly admitted. We do not think so. There is manifestly a difference in stating the value of an article as a fact, and giving an opinion as to the amount of unliquidated or consequential damages, &c.

The last error assigned is, in overruling the motion for a new trial. Upon this the question is attempted to be raised as to the sufficiency of the evidence to sustain the finding as to the amount of damages. Although the bill of exceptions states that it contains all the evidence, yet in point of fact it shows it does not, for the reason that the jury were, as authorized by the statute, sent to examine the premises, and there is nothing in the record relative to such examination—that is, in regard to the information conveyed to their minds by such examination. Evidence is that which produces conviction on the mind as to the existence of a fact. An ocular examination of the premises alleged to have been injured might have that effect, as well as an oral detail of circumstances, in this instance.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*O. H. Smith*, for the appellants.

*A. P. Hovey* and *R. A. Clements*, jun., for the appellee.

(1) *Ante*, 120.