Moffit *v.* The Medsker Draining Association.

---

Moffit *v.* The Medsker Draining Association.

PRACTICE.—*Supreme Court.*—Where objection to the complaint because of the insufficiency of the facts stated therein is first made in the Supreme Court, it must be by assignment of error on the transcript, and not by mere suggestion in the brief.

SAME.—*Trial Without Reply.*—A defendant waives a reply by going to trial without moving for it.

DRAINING ASSOCIATION.—*Assessment.*—*Evidence.*—In an action by a draining association to recover an assessment of benefits accruing to the defendant's land from the construction of the ditch, evidence that its construction did not benefit his land, but injured it, is inadmissible. The land-owner so aggrieved must seek his remedy by appeal from the assessment, under the statute.

From the Hamilton Circuit Court.

*T. J. Kane* and *A. F. Shirts*, for appellant.

*D. Moss* and *F. M. Trissal*, for appellee.

PETTIT, J.—This suit was brought by the appellee against the appellant, to recover an assessment on his lands of benefits thereto in the construction of a ditch.

Moffit *v.* The Medsker Draining Association.

There was a trial by the court, finding and judgment for the plaintiff, and a motion for a new trial overruled.

The appellant admits that the record does not show that there was any objection taken by demurrer, or otherwise, to the complaint or any paragraph of the answer, and only asks a consideration of these points:

1. The complaint was bad, and although no objection was made to it below, objection to its insufficiency may be first made here.

This is true as to the insufficiency of the facts stated in the complaint and the jurisdiction of the court, but not for other causes of demurrer. But an objection to the sufficiency of the complaint, when first made in this court, must be by assignment of error on the transcript, and not by mere suggestion in the brief. No such assignment is made; and the brief does not point out or suggest any point or particular in which it is supposed the complaint is not sufficient, nor have we discovered any.

2. There was a trial without a reply to the answer.

It is enough to say that this was not noticed below, nor is it assigned here for error; had it been assigned for error it would be unavailing. The defendant waived the reply by going to trial without moving for it. *Train* v. *Gridley*, 36 Ind. 241.

3. On the trial, the defendant offered to prove that the construction of the ditch did not benefit his land, but injured it; but the evidence was refused, and appellant says he thinks this was error, and that the judgment ought to be reversed, so that on another trial he may have the benefit of this evidence.

No authority is cited by appellant. The statute (3 Ind. Stat. 222, sec. 6) provides a remedy by appeal for any person aggrieved by an assessment, and we think that that was the remedy of the appellant, and not the one sought in this case. The following cases will, we think, throw light on this question: *Etchison Ditching Ass'n* v. *Hillis*, 40 Ind. 408; *Calking* v. *Baldwin*, 4 Wend. 667; *Almy* v. *Harris*, 5 Johns. 175.

It is not pretended that the evidence given does not fully

sustain the finding and judgment. We have found no error in the record.

The judgment is affirmed, at the costs of the appellant.