HOLTEN v. THE BOARD OF COMM'RS OF LAKE COUNTY.

BOARD OF COMMISSIONERS.—*Powers.*—*Poor Farm.*—The board of commissioners of a county have a right, *prima facie*, to purchase a tract of land to be used as a home for the poor of their county, and such right can not be questioned in a collateral proceeding.

REAL ESTATE.—*Action to Quiet Title.*—*Mortgage.*—*Pleading.*—The purchaser of the equity of redemption of real estate which is encumbered by mortgage liens of different priorities, if he be in possession under such purchase, may maintain an action to quiet his title, against the holder of the junior mortgage, without alleging that he has paid off the senior.

SAME.—*Equities of Different Liens.*—Where, in such action, such purchaser had made valuable improvements and redeemed such realty from a judicial sale of the same under a decree foreclosing the senior mortgage, any rights which the holder of such junior mortgage may establish are subject to the equities of such purchaser, whether such foreclosure was, or was not, regular.

SAME.—*Evidence.*—*Foreclosure.*—*Power of Attorney.*—To establish an equity by such redemption, the plaintiff may introduce the record of a foreclosure of such senior mortgage by means of a power of attorney contained therein, or by a regular foreclosure suit, the sheriff's sale and deed thereunder, and the deed to the plaintiff from the sheriff's grantee.

SAME.—*Practice.*—*Evidence.*—Where, in such cause, the evidence shows that such junior mortgage is not a valid lien, the defendant can not complain of the introduction of improper evidence by the plaintiff in establishing his equities under such senior mortgage.

NEW TRIAL.—*Practice.*—*Evidence.*—Where improper evidence is admitted on the trial of a cause, without objection, its admission is not ground for a new trial.

EVIDENCE.—*Opinion of Witness.*—Where the value of property is an issue in a cause, any witness acquainted with such property may testify as to its value, stating, also, the facts upon which he bases his opinion

SAME.—*Insolvency.—Reputation.—Principal and Surety.*—Evidence offered, of the reputation of a principal debtor, as to his solvency or insolvency, is incompetent to show whether or not he had paid a debt for which another was surety.

SAME.—*Principal and Agent.—County.—Declarations of Agent.—Attorney.*— Declarations of the general attorney of a county that she would pay a certain debt are not admissible in a suit upon such claim, against such county.

SAME.—*Parol Evidence of Writing.*—Without accounting for the absence of a writing, parol evidence of its contents is inadmissible.

SAME.—Because it is "the original" is no ground of objection to the admission, as evidence, of the original præcipe for an execution.

SUPREME COURT.—*Practice.*—Where a party to a suit goes into trial without requiring the opposite party to plead to the former's own pleading, he can not avail himself of such failure, on appeal to the Supreme Court.

From the Lake Circuit Court.

*M. Wood, T. J. Wood, S. J. Anthony, D. Turpie* and *H. D. Pierce,* for appellant.

*E. C. Field, T. J. Merrifield* and *W. Johnston,* for appellee.

PERKINS, J.—Suit by the appellee, against the appellant, to quiet title.

The first paragraph of the complaint alleges that the appellee was the owner, in possession, of the parcel of ground described in the complaint, and that appellant held a mortgage on the same, from Enos M. Cramer, appellee's grantor, which had been given without consideration, and constituted a cloud upon the title to said ground.

The second paragraph alleged the ownership of the appellee, the mortgage of appellant, that it was given to him as an indemnity, and that he had had nothing to pay, etc.

There were three other paragraphs, alleging title in appellee, the mortgage of appellant, and asking that it be removed as an encumbrance constituting a cloud on appellee's title.

The appellant answered the general denial, and a second paragraph, by way of counter-claim, setting up his said mortgage, averring its validity and non-payment, and that it amounted at present to eight thousand dollars; and further, that appellee had enjoyed the rents and profits, for years, of the ground, had committed waste, etc., and prayed for an accounting and a foreclosure of his mortgage, etc.

The appellee replied in general denial. There was a trial by the court, finding for the appellee, and against the appellant, on his counter-claim, and judgment and decree rendered, quieting the title of the appellee.

Holten, appellant, moved for a new trial, thirteen reasons therefor being assigned, which motion was overruled, and he appealed to this court.

There are twenty-eight assignments of error. Most of them would have been embraced in an assignment alleging that the court erred in overruling the motion for a new trial.

In the course of this opinion, we shall notice the material points made in the briefs of the appellant's attorneys, on which they rely as showing sufficient ground for the reversal of the judgment. It will enable us to distinguish more readily the material points made, and separate them from the immaterial, if we first present a summary of the leading facts in the case.

On the 17th of July, 1865, Enos M. Cramer deeded the tract of land described in the pleadings in the case, containing five hundred and sixty acres, to the board of commissioners of Lake county, who procured it for a home for the county poor, a purpose for which, *prima facie*, they had power to purchase it. The board took possession, and made improvements of the value of several thousand dollars on the land. At the time of the purchase there were three mortgages on the tract of land, or part of it.

The first, to the State, dated April 28th, 1856, for five hundred dollars.

The second, dated August 4th, 1856, to Martin M. Kellogg, for about four thousand dollars.

The third, dated December 29th, 1857, to appellant, Holten, for four thousand dollars.

The mortgage to the State was foreclosed, under a power of attorney embraced in it, and the land conveyed by it sold to one Turner, in February, 1868, who paid the amount due on the mortgage, received a deed, and subsequently quit-claimed to the board of commissioners of Lake county, the appellee.

The second mortgage upon the property, that to Kellogg, was regularly foreclosed in court, the land purchased at sheriff's sale and paid for by one Crawford, who received a deed from the sheriff, and subsequently quit-claimed to the board of commissioners of Lake county.

In May, 1872, the board of commissioners commenced this suit against appellant, Holten, to quiet title against his mortgage, alleging that it had been paid, etc., as hereinbefore stated, in answer to which he set up his mortgage, asking its foreclosure, etc., as hereinbefore stated.

It was not necessary that the board of commissioners should have alleged that it had paid off the prior incumbrances, to enable it to maintain this suit to remove from the land the cloud upon its title, created by appellant's mortgage.

The title of the board, acquired by possession under the deed from Cramer, was amply sufficient for that purpose. *Doe* v. *West*, 1 Blackf. 133; *Robinoe* v. *Doe*, 6 Blackf. 85; *Shiel* v. *Ferriter*, 7 Blackf. 574; *Morss* v. *Doe*, 2 Ind. 65.

So far as the appellant is concerned, he is only interested in the questions arising out of the trial, upon his counter-claim. He never had any title to the land. He never had possession, and is not entitled to possession. He does not seek it by his counter-claim. He asserts a lien on the land. If he has none, he is out of the case. This was the question tried on his counter-claim. The

appellee denied the existence of his lien. This was the question tried. The court found his asserted lien did not exist. The evidence is in the record. We cannot say, upon it, that the finding below and judgment were not correct. On the other hand, the appellee, the plaintiff below, was, and for a long time had been, in possession under a valid title, but had to try this cause with reference to two contingencies; one, that the mortgage lien of the appellant was invalid, constituted, in fact, no lien on appellee's land; the other, that it was a valid lien. Should the latter contingency turn out to be the fact, then the appellee was interested in showing the amount of prior liens and claims to which the appellant would have to take his decree on his mortgage subject, and which he would be compelled to pay to redeem. The appellant had not been made a party to the foreclosure of the prior mortgage to Kellogg, and, hence, his existing right to redeem. And, if he could be considered a party to the State's foreclosure of her mortgage, that embraced but eighty of the five hundred and sixty acres of the farm.

We are now, to some extent at least, prepared to consider the objections of appellant to the proceedings below. There are two series of them; one relating to the proceedings on the trial upon the appellant's counter-claim; the other relating to those touching the claims of the appellee upon the land.

Of the first series, it is claimed there was a trial without an issue, and that this fact constitutes a fatal error. There was a denial filed to the paragraphs of answer by way of counter-claim. But if it were not so, and there actually had been a trial without an issue, that fact would not constitute error. *Moffit* v. *The Medsker Draining Association*, 48 Ind. 107.

On the trial upon the counter-claim, Field, a witness for the appellee, testified, without objection, to the contents of a deposition. The point was made in the motion for a new trial. But, as the testimony was not objected

to on the trial, the objection came too late, on the motion for a new trial. 2 R. S. 1876, p. 182, sec. 352, clause 8.

The court permitted one McWilliams, a witness, to give his estimate of the value of improvements made upon the farm. He appears to have been a person considerably experienced in the matters about which he testified, and was competent to give his opinion. *The Jeffersonville R. R. Co.* v. *Lanham*, 27 Ind. 171. But the rule is, that any witness who knows the facts personally may give an opinion, stating, also, the facts upon which he bases his opinion. *The City of Indianapolis* v. *Huffer*, 30 Ind. 235.

The court refused to permit testimony as to the reputation of a party for solvency or insolvency, as tending to show that he had or had not paid a debt, for which another party was surety. We think there was no error in this.

The court refused to permit appellant to testify that the attorney of the county promised that the county should pay his mortgage. As the general attorney of the county, he would have no power to make such a promise.

An original præcipe for an execution was offered in evidence, and objected to because it was the original, but the objection was overruled. There was no error in this.

Entries in a cash-book were not allowed to be proved by parol, before accounting for the absence of the book. This was right.

We turn now to proceedings on the trial on the complaint of appellee. The court permitted the record of the mortgage to the State, the sale upon it, the deed to the purchaser, and the purchaser's deed to the county to be given in evidence. The only ground of objection interposed was, that they conveyed no title.

The court permitted the record of the foreclosure suit on the Kellogg mortgage, the sheriff's sale and deed, and the deed from the purchaser to the board of commissioners to be given in evidence. They were objected to because illegal, improper and incompetent.

The objections to these items of evidence were too general to be available.

But we think they were admissible for the purpose for which they were offered, whether the proceedings were regular or not. That purpose was to show that appellee, the plaintiff below, had paid off the incumbrances prior to that claimed by appellant. The appellee was in possession, had a sufficient title to enable her to maintain this action to remove a cloud upon that title, as against the appellant. She was not suing the mortgagors, to oust them of possession, on the strength of title acquired by these sales. Had she been, she might have been compelled to prove them strictly regular.

But those mortgagors were not objecting to the sales; they had conveyed their equity of redemption to the appellee.

It was of no consequence to the appellant whether the appellant had paid those incumbrances or not, or whether the foreclosures on them were regular or not. Those facts in no manner affected his rights. If his lien failed of establishment, he had no interest in the land. If his lien was established, it was subject to all these prior liens, whether in the hands of the original holders, or of the appellee as equitable assignee. He, therefore, could not be harmed by the admission of the evidence.

It is urged, here, though the objection was not made on the trial, that the deeds to the appellee were void for want of power in her to take them—power to purchase land.

She had a right to purchase and hold a poor farm, and she is not shown to have obtained one prior to this. *Hanna* v. *The Board of Commissioners, etc.*, 29 Ind. 170. And if her purchase of this land was *ultra vires*, appellant could not attack it in this proceeding. If the appellee had not the title, the former owner had, but appellee would hold until office found. *Hayward* v. *Davidson*, 41 Ind. 212.

The appellant moved to strike out certain paragraphs of appellee's complaint, and certain bills and parts of bills of particulars, showing the amount of her liens paid and claims on the farm, which was overruled.

For the reasons above given, as to the admission in evidence of those claims, we may say that the appellee was not injured by these rulings. They did not affect the validity of his alleged lien; and, as he failed to establish that, he had no interest in the premises. Having failed to establish that, he cannot complain of rulings, for that reason rendered harmless, whether right or wrong, as to him.

Other objections of a similar character are raised, but what we have said is applicable to and disposes of them.

The judgment below is affirmed, with costs.