No. 7536.

JOHNSON *v.* THOMPSON.

EVIDENCE.—*Expert Testimony.—Relative Value of Mutual Services.*—In an action upon an account for services rendered, where there have been mutual dealings between the parties, it is not error to permit a witness familiar with the facts to testify as to the relative value of services and commodities which entered into the mutual account of the parties.

Johnson v. Thompson.

SAME.— *Question for Jury.— Practice.*—In such case, the value of such testimony may be tested by cross-examination, so that the jury may properly estimate the weight to which it is entitled as evidence.

From the Pike Circuit Court.

*E. A. Ely, C. H. Burton, F. B. Posey* and *J. W. Wilson,* for appellant.

*J. H. Miller* and *E. P. Richardson,* for appellee.

NIBLACK, C. J.—Complaint by Milton S. Johnson against Arthur Thompson, in four paragraphs.

The first paragraph was for work and labor performed by the plaintiff for the defendant, both before and after he arrived at the age of twenty-one years, covering a period of over seven years.

The second was for one hundred dollars for extra work in preparing for, planting and cultivating a crop of tobacco.

The third was a money demand for an alleged breach of a contract by the defendant in failing to convey to the plaintiff a forty-acre tract of land on his arrival at full age.

The fourth was a demand for money for a similar failure to convey to the plaintiff an eighty-acre tract of land, or to render him some equivalent service in lieu of such conveyance.

The defendant answered,

1.   In general denial;

2.   Payment;

3.   Setting up a contract, by which it was agreed that the plaintiff was to live with, and work for, the defendant as a member of his family, and to receive certain personal property on his arrival at the age of twenty-one years, and averring that said contract had been mutually and fully performed;

4.   A set-off;

5.   That the defendant had furnished the plaintiff with

money, food, clothing, schooling and other necessaries equal in value to all the work and labor performed by the plaintiff;

6. Setting up a contract similar to that described in the third paragraph, and averring a ratification of such contract by the plaintiff on his arrival at full age, and a full performance of the contract by the defendant on his part.

The plaintiff replied in denial of all the special paragraphs of the answer. Verdict and judgment for the defendant.

At the trial, there was evidence tending to show that the plaintiff had lived with, and worked for, the defendant on his farm for a period of more than seven years. This evidence was accompanied with the opinion of witnesses as to the value of the labor thus performed by the plaintiff. There was also evidence tending to show that, during the time the plaintiff lived with him, the defendant gave the plaintiff money as he needed it, and furnished him schooling, clothing, medical attendance, and other necessaries; also, that the defendant gave the plaintiff considerable personal property on his becoming of age.

The defendant was thereupon examined as a witness in his own behalf. He testified as to the terms on which the plaintiff came to live with him, and the length of time and the manner in which the plaintiff had worked for him. Also, to the aggregate amount of money given to the plaintiff from time to time, and to the various articles of property received from him by the plaintiff when he became twenty-one years of age.

Counsel for the defence then propounded to the defendant the following question:

"Taking into consideration the money you let plaintiff have, the doctors' bills you paid for him, and all the other things you did for him, what, if anything, would his work be worth more than you paid him?" To which the plaintiff objected, but his objection was overruled, and the defendant answered: "It would be worth nothing more."

One Levi Thompson, a son of the defendant, was also examined as a witness for the defence, to whom, under similar circumstances, and over the plaintiff's objection, a like question was propounded, and to which substantially the same answer was given.

The decisions of the court overruling the plaintiff's objections to those questions were assigned as causes for a new trial.

The appellant insists that it was not competent for the witnesses, to whom questions were propounded as above, to give their opinions in such general terms as to the relative values of services and commodities which entered into the material accounts of the parties, and cites a series of cases decided by this court, holding that a witness can not be permitted to express his opinion as to the amount of damages resulting from an alleged injury, as supporting in principle, and by analogy, the position he assumes. But the cases thus cited by the appellant do not go to the extent contended for by him.

The authorities recognize a well defined distinction between the opinion of a witness as to the amount of damages sustained in a given case and his opinion as to the value of a service or commodity, concerning which he has been called upon to testify.

Greenleaf on Evidence says: "Non-experts may give their opinions on questions of identity, resemblance, apparent condition of body or mind, intoxication, insanity, sickness, health, value, conduct, and bearing, whether friendly, or hostile, and the like." See note to sec. 440, vol. 1, p. 495, 13th edition. See, also, the dissenting opinion of Doe, J., in the case of State v. Pike, 49 N. H. 399, 422, 423; The Illinois, etc., R. R. Co. v. Von Horn, 18 Ill. 257; Dwight v. County Commissioners, etc., 11 Cush. 201; The Evansville, etc., R. R. Co. v. Cochran, 10 Ind. 560.

The rule as thus stated by Greenleaf is well sustained by

other decided cases, and is one by which we feel it our duty to be governed.

As a matter of practice, the questions objected to in this case were too general and indefinite, and afford a very un-satisfactory precedent for the examination of witnesses in similar cases ; but, construing them to have been only efforts to bring out, and as tending to have had the effect of bring-ing out, in an indirect way, the opinions of the witnesses touching the value, relative and otherwise, of services and. other kindred things involved in the mutual dealings of the parties, we do not feel authorized to hold that the admission of those questions constituted such an error as requires a reversal of the judgment.

Opposing counsel had the right of testing the value of the answers to the questions complained of by a cross examina-tion as to the facts upon which the witnesses based their conclusions, and of their enabling the jury to properly esti-mate the weight to which such answers were entitled as evidence in the cause.

The appellant also insists that the evidence did not support the verdict, but the argument he submits on that point is addressed to the mere weight of the evidence, which was a question for the jury and not for us.

There was evidence tending to fully sustain the verdict, and beyond that we are not authorized to consider any question of the sufficiency of the evidence.

The judgment is affirmed, with costs.