The Board of Commissioners of Marion Co. *v.* Chambers.

———— ❖ ————

No. 7837.

## THE BOARD OF COMM'RS OF MARION CO. *v.* CHAMBERS.

EVIDENCE.—*Value of Services of Physician in Post Mortem Examinations.*— In an action by a physician against a board of county commissioners, for services rendered in conducting *post mortem* examinations under employment by the coroner, it is wholly immaterial, in determining the value of the services, what is or has been the average daily income of such physician from his profession.

SAME.—*Expert Testimony.*—Where, in such action, witnesses testified as experts as to the value of such services, but stated they had no knowl-

edge as to what other physicians had charged for such work, but based their opinion on what they thought the services were worth, such evidence is competent to go to the jury.

SAME.—Evidence as to what price the board of commissioners could have procured the services of other physicians to do such work is incompetent.

From the Marion Superior Court.

*J. T. Dye* and *A. C. Harris*, for appellant.

ELLIOTT, J.—John Chambers was employed by the coroner to conduct three *post mortem* examinations, for which he filed a claim for $180. The commissioners allowed $105, and from this order the appellee appealed to the Superior Court. The case was tried by a jury, and the appellee recovered a verdict and judgment for the amount claimed by him.

The only questions discussed by counsel are those arising on the assignment of error based upon the ruling denying a new trial.

Counsel hint rather than assert that the amount allowed appellee is excessive, and we are not, therefore, disposed to examine the question with much care. It may be remarked, however, that there was much evidence fully sustaining the jury's estimate of the value of appellee's services.

Appellant's counsel asked the appellee, on cross-examination, this question: "What has been your average daily income from your profession for two years past?" The court refused to permit it to be answered, and sustained the objection interposed by appellee's counsel. There was no error in this. Whether the income of the appellee was much or little was entirely immaterial. If a surgeon properly performs a surgical operation he is entitled to recover the reasonable value of his services, neither more nor less, whether his professional income be ten or ten thousand dollars a year. The value of the services can not be measured by the professional income of any series of years. If the physician or surgeon possesses the requisite skill and knowledge, and exercises such knowledge and skill properly, he is entitled

to be paid the reasonable value of services rendered by him, irrespective of the question of his yearly professional income.

It is argued that the trial court erred in refusing to strike out the testimony of Doctors Parvin and Comingore, for the reason that they had no knowledge of the prices usually charged for making *post mortem* examinations. These witnesses testified, upon their examination in chief, that they were physicians and surgeons, and that they were competent to testify to the value of services rendered in making *post mortem* examinations ; but, on cross-examination, Dr. Comingore stated : "I don't know what physicians have charged for making *post mortems* for county ; I know nothing of the prices at which such services can be procured ; I judge from what I think it would be worth ;" and, upon cross-examination, Dr. Parvin said : "I have never made examinations for the county ; my testimony is based upon all the circumstances. I based my opinion on what I think is the value of such services, irrespective of the price charged or paid."

No error was committed in overruling appellant's motion. The testimony was competent, for the witnesses were shown to be experts, and to possess such knowledge, skill and acquaintance with the subject under investigation as entitled them to express their opinions to the jury. They may have had some knowledge of the value of such services, without knowing anything at all about what others were charging for like services. The question for the court was, not what was the weight or value of such opinions, but were they relevant, and were they of any material weight? What weight shall be given such opinions is one thing, and whether they shall be expressed at all or not is quite another. It is clear from the statements of the witnesses, that they were skilled in their profession, and that they did have sufficient acquaintance with the nature and value of services rendered in *post mortem* examinations to entitle their opinions to go in evidence.

Appellant's counsel propounded to one of the members of

the board this question: "At what price could you have procured competent physicians to make *post mortem* examinations during the years 1877 and 1878?" This question was followed by the proper offer of evidence, but appellee's objection to the question was sustained and the evidence excluded. This ruling was correct. The question in issue was, not what others would have done the work for, but what was the reasonable value of the services of appellee? It was no more competent for the appellant to introduce the offered evidence than it would have been for the appellee to prove that any other surgeon would have charged twice as much as the sum claimed by the appellee. It was proper for appellant to call competent witnesses to give their opinions of the value of the services, but not to prove particular bargains or offers.

Judgment affirmed, at costs of appellant.