Smith *et al. v.* Indianapolis and St. Louis Railroad Company.

---

### No. 9422.

## Smith et al. *v.* Indianapolis and St. Louis Railroad Company.

Witness.—*Evidence.*—*Opinion.*—*Value.*—One who knows the very property in controversy is competent to testify to an opinion of its value; so, also, is one who is conversant with current prices of such property generally, but who never saw the property in controversy, upon a hypothetical description of it embodied in questions to him.

From the Hendricks Circuit Court.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellants.
*J. T. Dye,* for appellee.

Bicknell, C. C.—The appellants brought this suit against the appellee to recover damages for killing two cows of the appellants and crippling another. There was a trial by jury with a verdict for appellants for $120.

There was a motion by appellants for a new trial, because the verdict was too small, and because the witnesses for the appellee were permitted to answer certain questions as to the value of the property. The overruling of this motion is the only error assigned. The objections to the questions were that they were irrelevant, immaterial and incompetent, and that the witnesses were not experts, and had no peculiar knowledge as to the value of milk cows.

The appellants' counsel insist in their brief, that because the witnesses had never seen the cows in controversy, there-

fore, they were incompetent to state the value of cows of that kind, but that is not the rule; a witness may be competent to testify as to the value of property, animate or inanimate, although he may have never seen it; the testimony of a witness, competent in other respects, who has also inspected the property in controversy, may be entitled to more weight upon the question of value; that, however, relates not to competency, but to credibility.

There were four witnesses for the appellee, whose testimony as to value was objected to. The question under investigation was the value of milk cows.

Asher Kellum was a dairyman, he kept good milk cows, and bought and sold them frequently.

E. H. Straughan had attended cattle sales; was an auctioneer, was acquainted with the traffic, and used to ship some.

Henry Pearson was a farmer; keeps cows; has bought and sold them; keeps milk cows all the time.

Hugh J. Jessup was township assessor; he was experienced in examining and pricing milk cows.

It had been proved by the appellants' witnesses, that one of the cows killed was a good milk cow, ten years old, without a calf, and weighing about twelve hundred pounds. The question put to each of the above named witnesses for the appellees was substantially the same, to wit: What would be the price of a good milk cow, ten years old, last spring, without a calf, and weighing about twelve hundred pounds? There was no valid objection to this question; the description of the cow having been given by appellants' witnesses, these witnesses of the appellee had knowledge enough to testify as to the value of that sort of a cow. *City of Indianapolis* v. *Huffer*, 30 Ind. 235, 237. In the case of *Bowen* v. *Bowen*, 74 Ind. 470, this court said: "The witnesses who fixed an estimate upon the value of the services were shown to have some acquaintance with the value of services such as those rendered by the appellee. Where a witness shows himself acquainted with values, his testimony is competent."

In the case of *Johnson* v. *Thompson*, 72 Ind. 167, this court said : "The authorities recognize a well defined distinction between the opinion of a witness as to the amount of damages sustained in a given case and his opinion as to the value of a service or commodity, concerning which he has been called upon to testify. Greenleaf on Evidence says : 'Non-experts may give their opinions on questions of identity, resemblance, apparent condition of body or mind, intoxication, insanity, sickness, health, value, * * and the like.' See note to sec. 440, vol. 1, p. 495, 13th edition." *The Board, etc., v. Chambers,* 75 Ind. 409. In the case of *Holten* v. *The Board, etc.,* 55 Ind. 194, this court said : "The court permitted one McWilliams, a witness, to give his estimate of the value of improvements made upon the farm. He appears to have been a person considerably experienced in the matters about which he testified, and was competent to give his opinion. But the rule is, that any witness who knows the facts personally may give his opinion, stating, also, the facts upon which he bases his opinion."

The testimony of a person who has a personal knowledge of the very property in controversy, and also the necessary knowledge and information to enable him to form a proper estimate of its value, may be entitled to more weight; but a witness may be competent to testify as to the value of a certain description of property or services, without having seen either the identical piece of property in controversy, or the actual performance of the services in controversy.

There was evidence tending to support the verdict. We can not say the damages were too small, without determining the preponderance of the testimony, and with that we have nothing to do. *Cosby* v. *Anderson,* 74 Ind. 600.

There was no error in overruling the motion for a new trial. The judgment of the court below ought to be affirmed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants.