Filed Jan. 5, 1892.

———————— ◆ ————————

No. 265.

LOY v. PETTY.

EVIDENCE.—*Explanation of Statements Made on Cross-Examination.*—Upon a re-direct examination a witness may properly be permitted to explain statements made by him on cross-examination.

SAME.—*Witness.— Value of Services.*—It is competent to prove values by witnesses who have a knowledge of the matter in controversy, and a proper acquaintance with the general value of articles or things of like character.

From the Hendricks Circuit Court.

*H. J. Milligan,* for appellant.

*T. S. Adams,* for appellee.

ROBINSON, C. J.—The appellee commenced this action against the appellant. The complaint alleges that in the year 1881, when the appellee was an infant of the age of fourteen years, having no father, mother, or guardian, appellant promised appellee that if he would make his home with him, and perform such work and labor about the house, and on the farm of the appellant, as was, or might be, required by the appellant, and such as appellee was able to perform, from the date of said agreement until appellee should become twenty-one years of age, the appellant would pay him a reasonable price therefor ; that pursuant to said request appellee did, from said date until the

month of ———, 1888, perform work and labor for appellant in and about his house and farm, in clearing of land, cultivation of grain, harvesting of crops, and hay and grasses, feeding of stock, and such general farm work as is customary in and about, and upon a farm, which was of the reasonable value of $100 per annum, over and above the board and clothing of the appellee, which was furnished by the appellant; that, although often requested so to do, appellant had wholly failed and refused to pay, etc., and demand for judgment, etc.

Appellant answered by general denial, payment and setoff, to which answer appellee replied by general denial.

The cause was submitted to a jury, resulting in a verdict for the appellee.

Appellant filed a motion for a new trial, which was overruled, and exception taken. Judgment was rendered on the verdict.

The evidence is in the record.

The overruling of the motion for a new trial is the only error assigned.

The appellant's argument under the causes assigned in the motion for a new trial is limited to the questions that the verdict of the jury was excessive, and that the court erred in the admission of certain evidence over the appellant's exceptions and objections.

Upon the question as to the verdict of the jury being excessive, it appears from the evidence that when the appellee went to live with appellant he was less than fifteen years old; that he continued to live with him about six and one-half years, or until he was twenty-one years of age. There was evidence tending to prove that appellant agreed to pay appellee a reasonable price for his services upon his becoming twenty-one years old. There was evidence showing the value of the appellee's services to the appellant during the time he lived with him.

From all the evidence in the case, we think it tended to

sustain the amount found by the jury, and we can not, there-fore, say the verdict of the jury was excessive.

On the trial of the cause Henry Saunders, a witness on behalf of the appellee, was asked, on cross-examination by counsel for the appellant, the following questions, and an-swered the same as follows, viz. :

" Q.  Didn't I go to you and ask you before this trial began what the boy's services would be worth during the period he was there over and above his support, and you hesitated a moment, and then you said $200?   A.  You asked me something like that."

" Q.  Is that not what you said?   A.  Yes, I said that." On re-examination of the witness counsel for appellee asked the witness to explain to the jury the conversation he had with Mr. Milligan, counsel for appellant.   The witness an-swered :   " The jury has it all.   He came and asked me that, but I meant the $200 was what was really between them, and I would propose that as a compromise."

It is insisted by appellant that the court erred in permit-ting the witness to state in answer to the question, on re-examination, that he meant the $200 was what was really between them, and he would propose that as a compromise. The question on re-examination was a proper one, and it was the right of the witness to explain.   The explanation of the witness was not an infraction of any rule of evidence. There was no error on this account.

It is claimed by the appellant that the court erred in per-mitting the following questions to be propounded by the ap-pellee to four witnesses in his behalf, in substantially the same form, and in permitting said questions to be answered by said witnesses, to wit :   " State to the jury what would be reasonable compensation for a boy from August, 1881, to April, 1888, beginning when he was fifteen and working until he was twenty-one, taking into consideration that he was boarded and clothed, his clothing being only comforta-ble clothes such as a boy on a farm should have.   During

the winter time he would go to school three or four months, and during that time he would do such work as feeding the cattle, hauling wood and milking the cows morning and evening, Saturdays and Sundays, and occasionally having to drop out of school to do work of that kind, and assist in making sugar. Taking all of these things into consideration, what do you think would be a reasonable compensation per year over and above his board and clothes?"

The witnesses to whom this question was propounded were shown by their evidence to be farmers of experience, to be acquainted with the value of farm labor, to know the value of the labor of a boy from fifteen to twenty-one years old on the farm, the value of his clothing, etc. They also testified from actual knowledge and observation in having seen appellee at work on appellant's farm at different times.

The witnesses were not what might be termed experts. They each possessed knowledge to some extent of appellee's work and his ability to work. It is always proper to prove values by witnesses who have a knowledge of the matter in controversy, and a proper acquaintance with the general value of articles or things of like character. The evidence of the witnesses preceding the question propounded, as above set out, showed each witness competent to answer the question. These witnesses were shown to have some acquaintance with the value of the services rendered and the work and labor done by the appellee. Where a witness shows himself acquainted with values his testimony is competent. *Bowen* v. *Bowen,* 74 Ind. 470; *Johnson* v. *Thompson,* 72 Ind. 167; *Holten* v. *Board, etc.,* 55 Ind. 194; *Board, etc.,* v. *Chambers,* 75 Ind. 409.

We have determined all the questions appellant has presented for our consideration. The court did not err in overruling the motion for a new trial.

Judgment affirmed, with costs.

Filed Jan. 5, 1892.