Filed Dec. 1, 1892.

———————◆———————

No. 656.

MULL, ADMINISTRATOR, *v.* CARR.

WITNESS.—*Non-Expert.*—*Mental Condition of Party.*—*Scope of Examination.*—
A non-expert witness, in giving an opinion as to whether or not a person was of unsound mind, has the right to consider things which he saw and had personal knowledge of, although he may be unable to describe them as well as the descriptive facts to which he had testified.

From the Rush Circuit Court.

*F. H. Hall*, *B. L. Smith* and *C. Cambern*, for appellant.
*W. A. Cullen* and *J. D. Megee*, for appellee.

CRUMPACKER, C. J.—This action was brought by George Carr against Henry C. Mull, administrator of the estate of George Mull, deceased, upon a promissory note, alleged to have been executed by the decedent. The defence was that the decedent was a person of unsound mind at the time the note was alleged to have been executed. The claimant had judgment below, and the only question raised by the appeal relates to the action of the court in admitting certain evidence respecting the decedent's mental condition at the time the note was given.

It was shown by the evidence that the decedent died of pneumonia, and that during his last sickness, about five days before his death, he gave the note in suit. There was evidence tending to prove a condition of delirium both before and after the note was given. Appellee called as a witness one Mary Bowles, a daughter of the decedent, who testified that she was with the decedent and assisted in caring for him during the last three days of his life. She went there on the second day after the note was signed, and she detailed, to some extent, his appearance and condition at the time of her arrival, and described how he would act when conversed with. The witness was then asked the following question, which was objected to: "Now, from these facts you have stated to the jury, and seeing your father as you did see him there, and hearing him talk as you have stated to the jury, what is your impression as to his being of sound mind or unsound mind on Wednesday morning when you went there?" The court overruled the objection, and the witness answered: "I think he was of sound mind."

No question is raised respecting the time to which the inquiry was directed nor to the competency of the wit-

ness to give an opinion upon the mental condition of the decedent, but it is insisted that such opinion should have been confined strictly to and based entirely upon the facts testified to by the witness, and not to any extent upon things she might have seen and failed to describe, as was implied by the question. Counsel contend that the statement in the question, " and seeing your father as you did see him there," authorized the witness to go outside of the facts given to the jury for the basis of her opinion. In ordinary judicial investigations witnesses should testify to facts and not opinions, as it is the province of the jury to draw the inferences from the facts in evidence. This rule is never deviated from where the facts may be fully and intelligently placed before the jury, and are of such a character that men of common understanding may draw reasonably accurate conclusions from them, but where they involve the mysteries of art or the intricacies of science, so that the judgment of a skilled mind is necessary to make reliable deductions, the opinion of those specially trained in the particular art or science may be heard to enlighten and guide the jury. In many cases the facts are of such a nature that they can not be clearly portrayed to the jury so as to furnish the basis for reliable inferences, yet they may be of such a character that a non-expert, who has had sufficient opportunities for personal observation, may form a reasonably accurate judgment respecting them, and out of the necessities of such cases has arisen an exception to the general rule, allowing non-experts to testify to opinions. In investigations respecting the mental condition of a party at a particular time one not skilled in mental phenomena, but who has known the subject of inquiry for a considerable time, and has had opportunities for a personal observation of his mental characteristics, may have a reasonably correct judgment of the condition of his mind. A witness may be able to judge in most cases whether reason is

overthrown without being an expert in mental disease, but such judgment is necessarily founded, in a large measure, upon conduct, appearances and other individual peculiarities which are extremely difficult, if not altogether impossible, of description. His opinion is regarded as more reliable than his ability to portray the facts upon which it is based, and because of his inability to place the jury in the position from which he judged his opinion is received in evidence. A non-professional witness is allowed to give his opinion only when based upon his personal knowledge of facts, and he can not consider any information communicated to him by another; consequently, before his opinion is received his competency must be established by satisfactory evidence, disclosing opportunities of observation and means of knowledge. This preliminary proof is the basis of the opinion, in that it shows the witness to possess the necessary qualifications to be heard. Such qualifying evidence is what the courts have reference to in asserting that non-professional witnesses may testify to opinions in the class of cases under consideration after they have detailed the facts upon which such opinions are founded. An expert may give an opinion upon a hypothetical statement of facts, but a non-expert can not, hence the necessity of the latter showing the preliminary qualifying facts justifying his opinion. It is not the rule that a non-expert must detail every fact influencing his opinion, because if this were required the opinion would simply amount to a deduction from the facts in evidence, and the jury could make such deduction as well as the witness. That theory would contravene the principle upon which such opinion evidence is received, for it is universally admitted that it is only where the facts inducing the conviction can not be fully described to the jury that a non-expert opinion is receivable.

It would be a strange rule, indeed, so lame in its logic

as to authorize the opinion of a witness solely because the facts upon which it is founded can not be reliably given to the jury, and yet restrict the opinion literally to the facts given as an inference therefrom. The rule was correctly stated by ZOLLARS, J., for the court in the case of *Carthage T. P. Co.* v. *Andrews,* 102 Ind. 138, as follows: " That a non-expert may give an opinion at all, is the rule of necessity. He must, in all cases, so far as possible, state the facts upon which he bases his opinions. When the case is one in which all of the facts can be presented to the jury, then no opinion can be given, because the jury are as well qualified as the witness to form a conclusion. * * * When questions as to the conditions of the mind and body are the questions in issue, there are often many things in the acts, deportment and appearance of the party which create a fixed and reliable judgment in the mind of the observer that can not be conveyed in words to the jury. * * * In such cases, if the witness states that he is acquainted with, has had opportunity to, and has observed the party, this, it has been held, is sufficient to render the witness competent to state the condition of the party mentally or physically."

The same rule is laid down in *Connecticut, etc., Ins. Co.* v. *Lathrop,* 111 U. S. 612; Wharton Evidence, section 512; Lawson Expert and Opinion Evidence, p. 476, and Roger Expert Testimony, pp. 6 and 156, where the authorities are collected and reviewed.

In the case before us the competency of the witness to give an opinion is admitted, and in giving that opinion she had the right to consider things which she saw and had personal knowledge of, although she did not describe them, as well as the descriptive facts to which she had testified.

There is no other question in the record that merits attention.

The judgment is affirmed.

Filed Dec. 1, 1892.