Stewart, C. J.
It appears from the record that during the progress of the trial the jury were sent to view the premises, and the court among other things charged the jury as follows: “ The question whether the grade was a reasonable one at the' time it was fixed, is one which you must decide upon the evidence given in this case, and all the facts and circumstances detailed, including your personal examination of the property and street.” This portion of the charge was duly excepted .to by the city, which claims that the court erred in telling the jury that they might take into consideration in deciding the case what they had learned by a persona! inspection of the property. At common law a view by the jury was only taken *137 in certain real actions, and was so token upon'the theory that the jury were acting not only as triers of the facts, but as viewers, arid it was intended that in that way they should procure evidence to assist them in arriving at a conclusion. Now, however, the whole subject of a view by the jury is regulated by statute, and it seems to us that our statutes provide for two kinds of view by the jury : one in which they are to act as viewers, and the other in which they view the premises solely in order to enable them the better to apply the testimony adduced on the trial. The first of these is found in Revised Statutes sections 4467 and 4580, in which the jury are sworn to examine and determine the matters in controversy “ faithfully, impartially, and to the best of their ability, and from actual view of the premises, etc.”
The view of the jury in this case was had under the provisions of Revised Statutes, sections 5189i and 5191, which contain no such provisions. The distinction to which we have referred is clearly recognized in the case of Williams v. Lockoman, 46 Ohio St. 416, where the court say (p. 417) : “ The provisions of section 4467 manifestly contemplate, that by an actual view of the premises, the jury will be enabled not only the better to apply the testimony disclosed on the trial, but shall also be aided by their personal knowledge of the facts as derived from an actual view of the premises, in examining and determining the particular mattersnppealed from.” And we are therefore of the opinion, from an examination of our own statutes, showing that in some of them the legislature has expressly authorized the jury to take into account in reaching a verdict their own view of the premises, and that such authorization is omitted from the statute under the provisions of which the view in this case was had, that it was error for the- court below to charge the jury as it did in that portion of the charge heretofore quoted. This case, we think, illustrates the reason for our holding. That the grade of this street had been ohanged from its natural condition was clear; *138 that access to plaintiff’s lot was rendered difficult, if not well nigh impossible, was equally clear, and both of these facts were apparent to any one who saw the premises. But they were by no means decisive of the case in plaintiff’s favor. The plaintiff, having erected his buildings before the grade of this street had been established, could only recover damages for injuries sustained by the subsequent establishment of an unreasonable gracfe. Akron v. Chamberlain Co., 34 Ohio St. 323. The question then for the jury to determine was whether this was an unreasonable grade, and this could only be determined by taking levels and making measurements; for the grade of a street in a city cannot be determined with reference to any particular lot, but with reference to its points of beginning and ending, and with reference to the established grade of streets which it is designed to connect; and the grade on one of such streets in this case was established many years before the plaintiff bought his lot. The evidence adduced in this case was manifestly in favor of the city, upon tins, the determining, issue, and the court belgw ought to have sustained the motion for a new trial upon that ground. Bui evidently attaching much importance to the view made by the jury, the court allowed the verdict to stand, although contrary to the evidence adduced by the parties upon the trial. The logical result of a charge, such as was given ip this case, was reached in the case of R. R. v. Cochran, 10 Ind. 560, where the court say that although the bill of exceptions purports to contain all the evidence, it appearing that the jury viewed the premises, the reviewing coujt could not pass upon the weight of the evidence, as it was impossible to tell what the jury saw and learned from the view. This case was overruled in R. R. v. Bowen, 40 Ind. 545, in which case was laid down what we think to be the true, rule, that the view by the jury was not for the purpose of obtaining, but applying evidence. In the case of Close v. Samm, 27 Iowa, 503, where a statute similar to sections 5189¿ and 5191 was construed^ *139 Cole, J., says : “The question then arises as to the purpose and intent of this statute. It seems to us that it was to enable the jury, by the view of the premises or place, to'bette understand and comprehend the testimony of the witnesses respecting the same, and thereby the more intelligently to apply the testimony to the issues on trial before them; and not to make them silent witnesses in the ease, burdened with testimony unknown to both parties, and in respect t© which no opportunity for'cross-examination or correction of error, if any, could be afforded either party.” To the same effect are the cases of Heady v. Turnpike Co., 52 Ind. 117; Wright v. Carpenter, 49 Cal. 609, and Brakken v. R. R., 29 Minn. 41. The conclusion which we have reached in this ease finds support in the views expressed in 12 Amer. & Eng. Enc. 369, and 26 Cant. Law Jour. 436, where the conflicting ©pinions are carefully examined and analyzed. We are aware that a contrary view is expressed in Wharton on Evidence^ § 346, and in Thompson on Trials, § 895, but an examination of the authorities cited by those authors satisfies us that they are either not supported by the better reason, or are eases in which the jury make the view in the .capacity of viewers.
Paul Jones, City Solicitor, for plaintiff in error.
Heitmann & Friesner, for defendant in error.
For the reasons, therefore, that the judgment is contrary to the manifest weight of the evidence, and that the court erred in its charge to the jury on the subjeot of the view, the judgment will be reversed, with costs, and the cause remanded for further proceedings according to, law.