Nov. Term,
1858.

Moore
v.
Korty.

Saturday,
December 11.

———•◦•———

MOORE *v.* KORTY.

A receipt may be explained, qualified, or contradicted by parol evidence.

Action upon a contract. The defendant pleaded as payment a series of receipts, given on the same account, the last of which was as follows: Received of *S. M.,* in various payments, at this date, on account of, &c., the sum of, &c. Dated, and signed *A. K. Held,* upon a construction of the

Nov. Term,
1858.

MOORE
v.
KORTY.

Saturday,
December 11.

language of the receipt, that it is not to be considered, taken by itself, as embracing all payments made up to its date; but that the burden was upon the plaintiff to show that it was so intended.

APPEAL from the *Tippecanoe* Court of Common Pleas.

DAVISON, J.—*Korty*, who was the plaintiff, brought this action against *Moore*, in his own right, and *Israel Spencer*, *Samuel Hoover*, and *William P. Heath*, as school trustees in the city of *Lafayette*. Afterwards, the suit was dismissed as to the trustees. The complaint is upon a written contract between *Moore* and *Korty*, whereby the latter agreed to furnish certain materials and erect and complete two school-houses in said city, for which *Moore* agreed to pay, as the work progressed, certain prices for the several items of materials and work, as stipulated in the contract. It is alleged that the school-houses were completed on the 21st of *November*, 1854, and that the work done and materials furnished by *Korty* were worth 3,023 dollars.

The defendant, *Moore*, answered in two paragraphs. The first alleges payment, generally. The second sets up payment of various sums, at various times, amounting, in the aggregate, to 3,124 dollars.

There was a verdict in favor of the plaintiff for 567 dollars. Motion for a new trial denied, and judgment on the verdict.

The defendant, upon the trial, gave in evidence several receipts executed by the plaintiff, from time to time, from the 20th of *May*, 1853, to the 1st of *April*, 1854. The first was a receipt for 250 dollars, dated *May* 20, 1853; the second, for 200 dollars, was an order drawn by the plaintiff on the defendant in favor of one *McNeil*, dated *June* 4, 1853; the third, for 139 dollars, was an order drawn by the plaintiff on the defendant in favor of one *Leffman*, dated *July* 6, in the same year; and the fourth was for 1,350 dollars, and reads thus:

"Received of *Strother Moore*, in various payments, at this date, on account of building school-houses, the sum of 1,350 dollars, as payments on the above buildings. *Lafayette, August* 26, 1853. [Signed] *A. Korty.*"

In relation to this receipt, the Court, at the instance of the plaintiff, charged as follows:

"The receipt, taken by itself, is to be considered as embracing all payments made by *Moore* to *Korty*, on account of said school-houses, up to its date; and it covers and includes all such payments, whether evidenced by other receipts or not, unless said *Moore* has explained the same by other evidence, so as to satisfy you that it was not intended to embrace all such prior payments."

Parol evidence is, no doubt, admissible to show what was the real nature of the transaction to which the words of the receipt apply, and to explain their meaning. Indeed, it has been repeatedly decided that "a receipt may be explained, qualified, or even contradicted, by any evidence competent to establish a fact." But the charge before us involves the inquiry, upon whom rests the burden of making the explanation? In this instance, the receipt is set up in the defense as payment; and if the Court has given it the proper construction, the defendant was bound to show that it was not intended to cover any payment made by him prior to its date. The language to be construed is—"Received of *Strother Moore*, in various payments, at this date." Evidently, the words "at this date," cannot, by themselves, be held to mean, up to this date, because each phrase has a distinctive import. But it is contended that the term "various payments," refers to all payments made to that date. We think otherwise. This term, in the connection in which it is used, directly refers to the date of the receipt. And it is plainly within the range of probability, that more than one payment was made, and included in the receipt, upon the day on which it was given. This exposition being correct, and we think it is, it was incumbent on the plaintiff to show that the receipt was intended to embrace all payments made on account of the school-houses up to its date. The charge cannot be sustained.

But it is insisted that the Court, though it may have been wrong in the charge to which we have referred, has corrected itself in a subsequent instruction, and that,

hence, there is no ground for reversal. The instruction thus relied on is as follows:

"If the jury believe from the evidence, that the various payments made by the defendant to the plaintiff at the date of the receipt for 1,350 dollars, were embraced and covered in and by it, the jury will be governed accordingly, in making up their verdict; and in coming to a conclusion on this point, the jury have a right to consider all the evidence as to the contract—the state of the work— the probable amount due from *Moore* to *Korty* at the date of the receipt, by the terms of the contract—and all other evidence bearing on this question."

This instruction may, as it stands, be correct; still, it does not militate against the position assumed in the prior charge, viz., that the receipt, taken by itself, is to be considered as embracing all payments made up to its date; and further, it leaves the jury to look to the defendant for proof that the receipt was not intended to include payments made before the day of its execution. In view of both instructions, we are of opinion that the jury may have been misled by the former, which seems to us to be clearly erroneous.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*S. A. Huff, Z. Baird,* and *J. M. La Rue,* for the appellant.

*H. W. Chase* and *J. A. Wilstach,* for the appellee.