Pauley *v.* Weisart.

---

## PAULEY *v.* WEISART.

RECEIPT.—*Contract.*—A writing, dated of a certain date, and reciting, that the party signing it received a certain sum of money in orders, taken at eighty cents on the dollar, in full, is not a contract in the ordinary sense of the term, but simply a receipt.

SAME.—*Parol Testimony.*—An ordinary receipt may be explained, controlled, qualified, or even contradicted by parol evidence.

From the Knox Circuit Court.

*W. F. Pidgeon,* for appellant.

*H. S. Cauthorn, J. M. Boyle* and *F. W. Viehe,* for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellant, as defendant, in the court below.

Appellee's complaint was in two paragraphs. In the first paragraph, appellee alleged, in substance, that, on the 9th day of July, 1873, the appellant accounted with appellee of and concerning divers sums of money, before that time due and owing from the appellant to the appellee, and then in arrear and due and unpaid; that, upon such accounting, the appellant was then found to be in arrear and indebted to the appellee in the sum of five hundred and forty-two dollars and sixteen cents,

which the appellant agreed to pay the appellee; and that said sum is due and unpaid.

In the second paragraph of his complaint, the appellee alleged, that the appellant was indebted to the appellee in the sum of five hundred and sixty-five dollars and forty-two cents, for goods, wares and merchandise sold and delivered by the appellee to appellant at his special instance and request, the particulars of which would appear in an account therewith filed, and that said sum was due and unpaid. Wherefore the appellee demanded judgment for seven hundred dollars, etc.

The appellant answered the first paragraph of the complaint in three paragraphs, in substance, as follows:

1. The appellant admitted the accounting between himself and the appellee, and the balance found due from him to the appellee, as the same were stated in the first paragraph of the complaint, but said, that, before the commencement of this suit, he fully paid said balance so found due;

2. The appellant admitted said accounting and balance, as stated in said first paragraph of the complaint, but he said, that, after the said accounting between them, he assigned by delivery to the appellee certain orders, drawn by the board of directors for leveeing the Wabash river and its tributaries on Allison prairie, on the treasurer of said board, amounting to the sum of six hundred and eighty dollars, which the appellee took and received at eighty cents on the dollar, in full satisfaction and settlement of said balance theretofore found due;

3. The third paragraph of said answer, with some slight difference in verbiage, is substantially the same as the second paragraph of said answer.

To the second paragraph of the appellee's complaint, the appellant answered in three paragraphs, in substance, as follows:

1. A general denial.

2. The appellant set up the accounting between him

and the appellee, and the balance found due the appellee, as the same were stated in the first paragraph of the complaint; and he then alleged, that he then and there paid the appellee, in full satisfaction and discharge of said balance, orders to the amount of six hundred and eighty dollars, drawn by the board of directors for leveeing the Wabash river and its tributaries on Allison prairie, directing the treasurer of said board to pay to the appellant said sum of six hundred and eighty dollars; which said orders were received and accepted by the appellee in full satisfaction and discharge of the amount so found due from the appellant to appellee; and, as to the rest of appellee's demand, the appellant denied the same.

3.   Payment in full before the commencement of this suit.

The appellee replied, by a general denial, to each of the affirmative paragraphs of appellant's answers.

The issues joined were tried by the court below, without a jury, and a finding was made in favor of the appellee, and against the appellant, for the sum of six hundred and thirty-three dollars and thirty-one cents.   And the appellant's motion for a new trial having been overruled, and his exception saved to such ruling, the court below rendered judgment on its finding, from which judgment this appeal is now here prosecuted.

The only error properly assigned by the appellant in this court is the decision of the court below, in overruling his motion for a new trial.   Several causes for such new trial were assigned by the appellant in his motion therefor, as follows:

1.   That the finding was contrary to law;

2.   That the same was contrary to the evidence;

3.   That the amount of the judgment was excessive;

4.   Error of the court in admitting the parol evidence of the appellee, Eugene Hack, and Taylor Lehigh, to contradict the written contract signed by the appellee, over the appellant's objections and exceptions;

5. Error of the court, in admitting the parol evidence of the same witnesses to prove that the levee orders were taken as collateral security, and not as payment, contradicting the written contract, over appellant's objections and exceptions.

But one question is discussed by appellant's attorney, in his argument of this cause in this court, and that question may be thus stated : Did the court below err in admitting the parol evidence referred to in the 4th and 5th causes for a new trial?

It appears from a bill of exceptions which is properly in the record, that the appellant gave in evidence, on the trial of this cause, a writing signed by the appellee, of which the following is a copy :

"Vincennes, July, 1873. Received from Mr. Irah H. Pauley five hundred and forty-two $\frac{16}{100}$ dollars, in Levee Orders taken at 80 cents, say eighty cents per dollar, in full.

"$542.16."    (Signed,)    "EDWARD WEISART."

The appellant testified in his own behalf, that the levee orders mentioned in said writing were taken by the appellee in payment of the account sued on in this action. This writing, which in form is simply a receipt, is the written contract mentioned in appellant's motion for a new trial.   It was necessary that the appellant should explain this receipt or written contract, whichever it may be termed, by parol evidence, for it was not apparent on the face of the writing that the levee orders therein mentioned were paid or received on the account in suit.   And it was by no means certain from the terms of the writing, whether the amount expressed therein was the amount of levee orders received, or the proceeds of some other amount of such orders, at 80 cents on the dollar.   Accordingly, the appellant explained by parol evidence, that he paid, and the appellee received, the sum of $650, instead of the amount specified in the writing, in levee orders at 80 cents on the dollar.

When, however, the appellee offered to prove by parol evidence, that the levee orders, mentioned in said writing, were neither received by the appellee, nor delivered to him by the appellant, in payment of the account in suit, but only as collateral security therefor, the appellant objected to the admission of such evidence, upon the ground that it contradicted the written contract, meaning the said receipt signed by the appellee. In our opinion, this objection was not well taken. The writing referred to was not a contract, in the ordinary sense of the term, but was purely and simply a receipt—a written acknowledgment by the appellee that he had received from the appellant a certain amount in levee orders. Such a receipt may be explained, controlled, qualified, or even contradicted by parol evidence. *Henry* v. *Henry,* 11 Ind. 236; *Moore* v. *Korty,* 11 Ind. 341; *Krutz* v. *Craig,* 53 Ind. 561.

In the case now before us, the parol evidence, introduced by appellee, showed very clearly, and, we think, conclusively, that the levee orders, mentioned in said receipt, were delivered to and received by the appellee as collateral security for, and not as payment of, the account in suit.

In conclusion, we hold, that no error was committed by the court below in overruling the appellant's motion for a new trial of this cause.

The judgment is affirmed, at the costs of the appellant.