BEEDLE ET AL. *v.* THE STATE, EX REL. SMALL.

GUARDIAN AND WARD.—*Parol Evidence Contradicting Receipt of Ward.*— A receipt executed to a guardian, by his ward, on attaining his majority, acknowledging the amount therein mentioned to be "in full of all de-

mands" on account of such trust, is not conclusive upon the ward, but may be explained, controlled, qualified or even contradicted by parol evidence, in an action on such guardian's bond.

SAME.—*Final Report of Guardian.*—A so-called final report by such guardian, which has not been allowed or approved by the proper court, is not competent evidence on behalf of the defendant in such action.

From the Knox Circuit Court.

*W. H. De Wolf, S. N. Chambers* and *O. F. Baker*, for appellants.

*T. R. Cobb, W. B. Robinson* and *J. T. Pierce*, for appellee.

HOWK, J.—This was an action by the appellee's relator, as plaintiff, against the appellants, as defendants, upon a guardian's bond.

In his complaint, the relator of the appellee alleged, in substance, that on or about the 18th day of February, 1867, the appellant Adam W. Beedle was appointed guardian, and took upon himself, in Knox county, Indiana, the guardianship, of the person and estate of said relator, the minor and sole heir of Jacob Small, deceased; that as such guardian the appellant Adam W. Beedle and his co-appellants executed their joint and several bond, on said day and in said county, payable to the State of Indiana, in the sum of five thousand dollars, with the condition that "if the above bound Adam W. Beedle will faithfully discharge his duties as guardian of the person and property of John Small, minor heir of Jacob Small, deceased, then the above obligation is to be void, else to remain in full force," which bond was filed with and made part of said complaint; that the appellant Adam W. Beedle did not discharge his duties as such guardian of said relator, but that said guardian wholly failed and neglected to discharge said duties, and violated said obligations, in this, to wit:

1. That he did not make out and file in the proper office or court, within three months after his appointment

as such guardian and assuming said trust, an inventory of the estate of said relator, according to law, but in fact had wholly failed and neglected to make out and file any inventory of said estate.

2. That the appellant Adam W. Beedle did not render an account of his receipts and expenditures as such guardian, once in every two years from and after his appointment, but on the contrary he had made only two reports, to wit, one on the 3d day of May, 1870, and one on the 10th day of October, 1872, which last report was not accepted nor approved by the proper court.

3. That, when said guardian was appointed and acted as such, there came into his hands and possession a great many notes, mortgages and claims, due the estate of said relator, which were then due and payable, and were good and could then have been collected, and especially against John Coons, on said Coons' estate, given to LaPlante, a former guardian, which came to the knowledge and possession, or should have come into the possession, of said Adam W. Beedle, and he did not collect nor use due diligence to collect the same, as he might have done.

4. That said Adam W. Beedle did not take solvent surety to obligations due said estate, and the money loaned belonging to said estate, as he might and ought to have done, whereby debts due said estate were lost, etc.

5. That said Adam W. Beedle embezzled, concealed and converted to his own use a large amount of the property due and coming to the relator from his sister Mary, consisting of clothes and wearing apparel and one saddle, all of the reasonable value of one hundred dollars, and also claims, mortgages, moneys and accounts due the relator, received from former guardian by said relator.

6. That said Adam W. Beedle failed and neglected to charge himself with interest on said estate, and that he used and handled one thousand dollars of the money of

said estate in his own business during all the time of his said guardianship, and that he has not accounted for interest on said estate, according to law, and according to the orders of the court of common pleas, then existing, to wit, ten per cent. interest.

7. That said Adam W. Beedle did not manage said estate for the best interest of the relator.

8. That the relator was twenty-one years of age on February 26th, 1872, and then applied to his said guardian for a settlement, and asked payment of his said estate, but that the said Adam W. Beedle wholly failed and refused to pay and deliver over to the relator his estate, and did not account for said estate to the relator, according to law, but had retained of said estate three thousand dollars then due and owing said estate.

9. That said Adam W. Beedle had been required by order of the court, and also by law, to render a final report of his proceedings and of the condition of said estate, but that he had wholly failed and refused to render such account, and that said guardian had removed from this State and was then a resident of the State of Illinois, and had not settled said estate nor been discharged from said trust, and had embezzled, concealed and converted to his own use the money, property and effects of said estate to the amount of two thousand dollars. Wherefore, etc.

To this complaint the appellants answered in two paragraphs, in substance as follows:

1. A general denial; and,

2. That before the commencement of this suit the appellee's relator and said Adam W. Beedle had a settlement and accounting of all the matters and business growing out of the guardianship of said Adam W. Beedle as the guardian of said relator, and that said Beedle then and there fully paid said relator all sums then due and owing to said relator by said Beedle, as such guardian, said relator then being of full age.

To the second paragraph of said answer the appellee's relator replied by a general denial.

The issues joined were tried by a jury, and a verdict was returned for the appellee's relator, assessing his damages in the sum of eight hundred dollars. The appellants' written motion for a new trial was overruled, and to this decision they excepted, and judgment was then rendered on the verdict, from which judgment this appeal is now prosecuted.

In this court the only error assigned by the appellants is the overruling of their motion for a new trial. In this motion the causes assigned for such new trial were as follows:

"1st. The verdict of the jury is not sustained by the evidence;

"2d. The verdict of the jury is contrary to law;

"4th. For error in the amount of damages, the same being too large;

"5th. The damages, as assessed by the jury, are excessive;

"6th Error of law, occurring at the trial and excepted to by the defendants, in this, to wit:

"1st. The court erred in admitting in evidence, over defendants' objection, the mortgage executed by Adam W. Beedle and wife to John B. LaPlante;

"2d. The court erred in admitting the testimony of John C. Small, John T. Boyd and Joseph Baird, as to the value of money at interest;

"3d. The court erred in admitting the testimony of John C. Small, tending to prove the condition of the accounts between the relator and the defendant Adam W. Beedle, on and prior to the 20th day of August, 1872;

"4th. The court erred in refusing to admit in evidence the final report of said defendant Adam W. Beedle, guardian of said relator, which report was made to the court of common pleas of Knox county."

In their brief of this cause in this court, the appellants' learned attorneys say: "The important question under review arises upon the eighth and ninth alleged breaches, and the testimony bearing upon these allegations may be reviewed at the same time." The important question referred to is thus stated by counsel: "Was there a settlement between the guardian and ward, and was such settlement reported to the court?"

The appellants gave in evidence a receipt signed by the appellee's relator after he became of lawful age, in which he acknowledged that he had received from the appellant Adam W. Beedle a certain sum "in full of all demands of his indebtedness to the estate of Jacob Small." But this receipt was not conclusive evidence of a settlement between the relator and his guardian. It is well settled by the decisions of this court, that such a receipt might be "explained, controlled, qualified or even contradicted by parol evidence." *Henry* v. *Henry*, 11 Ind. 236; *Moore* v. *Korty*, 11 Ind. 341; *Krutz* v. *Craig*, 53 Ind. 561; and *Pauley* v. *Weisart*, 59 Ind. 241. Accordingly, the appellee's relator testified, in explanation of the receipt, that the appellant Beedle said, "that he wanted a receipt in full to settle with the court; I told him that I didn't know that the account was correct; he said to write it that way, and if it wasn't right, he would make it right."

The evidence in relation to this receipt and the alleged settlement between the guardian and his ward was conflicting; but it was for the jury to settle this conflict, and to determine which of the witnesses were the more worthy of belief. Virtually, the jury reached the conclusion that the receipt in question was not conclusive evidence of a final settlement between the relator and his guardian; and we can not disturb their conclusion on this point on the mere weight of the evidence.

The appellants offered in evidence what is called the

final report of the appellant Adam W. Beedle, as the guardian of the appellee's relator, to the court of common pleas of Knox county, and filed by the clerk of said court on the 16th day of October, 1872. At the time of the offer of this so-called report, it was admitted by the appellants in open court, that " the report had never been approved by the court." Thereupon the appellee's relator objected to the admission of said report in evidence, which objection was sustained by the court and the report excluded; and to this decision the appellants excepted. There was no error, as it seems to us, in this decision. Until it was approved and allowed by the court, the so-called report was not properly a part of the files or records of the court, and was not competent evidence on behalf of the appellants. It was simply an *ex parte* sworn statement of the appellant Adam W. Beedle, to the effect that his ward, the relator, had become of full age, and that he had made a full and final settlement with his ward, and paid him in full all the estate in his hands, and filed his ward's receipt therewith. If the facts stated in the report were true, the appellant Adam W. Beedle was a competent witness to prove them ; but surely his *ex parte* written statement of those facts, though verified by his oath, was not competent evidence to prove such facts. It does not appear from any evidence in the record, beyond the simple file-mark of the clerk, that the report in question was ever presented to or considered by the court; and it is clear, from the appellants' admission, that it was never approved by the court. In our opinion, the report was properly excluded as incompetent evidence.

It is claimed by the appellants' counsel, that the verdict of the jury was contrary to the law. In support of this position, the counsel say: " The second paragraph of defendants' answer pleads final settlement with the ward. To this the plaintiff replied in general denial. Under

this issue, defendants were required only to show such settlement. Such settlement was not admitted by the relator and avoided by plea of mistake or fraud. The plea was simply one of denial." Having thus stated correctly the issue tendered, the counsel then say interrogatively . " Does not the evidence overwhelmingly show such settlement? "

That is not exactly the question for the consideration of this court. The appellants alleged a final settlement; and this was denied by the appellee's relator. The jury found generally for the appellee's relator, thereby finding, in legal effect, that there had been no final settlement between the relator and his guardian. In this state of the case, the only proper question for our consideration may be thus stated: Is there any evidence, in the record, which tends to sustain the verdict of the jury? For, if there is any such evidence, we can not weigh it with other conflicting evidence, and determine the preponderance; but, in such a case, it is our duty, as we understand our duty, to sustain the verdict of the jury. In this case there was evidence introduced, which tended to show that the alleged final settlement was made for a specific purpose, and was not final, but was thereafter to be made right if it was not right. We can not disturb the verdict on the evidence; and it can not be correctly said, we think, that the verdict was contrary to law.

We have now considered the principal questions presented by the appellants' attorneys in their argument of this cause, in this court; and our conclusion is, that no error was committed by the court below, in overruling the appellants' motion for a new trial.

The judgment is affirmed, at the appellants' costs.