No. 7271.

## LASH v. RENDELL.

PLEADING.—*Partial Answer.*—Each paragraph of answer must fully answer the entire complaint. or so much thereof as it purports to answer.

RECEIPT.—*Parol Evidence.*—An ordinary receipt may be explained, controlled, qualified or even contradicted by parol evidence; and receipts of judgments on the record stand upon the same footing.

ESTOPPEL.—Every estoppel must be certain to every intent, and not be taken by argument or inference.

SAME.—*Application of.*—The doctrine of estoppel can have no application, where everything in relation to the transaction is equally well known to both parties.

From the Noble Circuit Court.

*A. A. Chapin*, for appellant.

| 72 | .475 |
| 134 | 552 |
| 72 | 475 |
| 140 | 150 |
| 141 | 58 |
| 72 | 475 |
| 144 | 69 |
| 72 | 475 |
| 148 | 32 |
| 149 | 371 |
| 72 | 475 |
| 166 | 370 |

Howk, J.—On the 7th day of February, 1872, by the consideration of the court of common pleas of Noble county, the appellant, Sarah Lash, recovered a judgment against one Philip Lash, then and before that time her husband, dissolving the contract of marriage previously existing between them, and for alimony in the sum of five hundred dollars, and for the costs of suit. By the terms of said judgment, the said amount of alimony, if sufficient surety should be given, was made payable in instalments of one hundred dollars each, the first at the date of said judgment, and the others respectively in one, two, three and four years from said date, with interest from the date of said judgment. At the rendition of said judgment, Philip Lash was the owner in fee simple of the real estate in Noble county described as the west half of the north-east quarter of section twenty-seven, in township thirty-five north, of range eleven east, upon which the said judgment for alimony at once became a lien.

Afterward, on or about March 13th, 1872, the said Philip Lash sold and conveyed said real estate to the appellee, George W. Rendell, who was still the owner thereof, and who, as a part of the consideration of said conveyance, assumed the payment of said judgment for alimony. On March 17th, 1873, the said Philip Lash died intestate, and one James N. Childs was appointed as his administrator, and had administered his estate. The estate of said decedent had been finally settled, and after the payment of the claims filed against said estate, and said administrator had been finally discharged, no assets had been left for distribution, and none had been received by his heirs at law. There was still due the appellant, and unpaid on said judgment for alimony, the sum of $176.41, of principal and interest, at the commencement of this suit.

Upon the foregoing facts, alleged in her complaint, the appellant asked that the appellee might be required to show

Lash *v.* Rendell.

.cause why said judgment should not be enforced against said real estate, and that the court would order an execution to be issued for that purpose, and for all other proper relief.

On the trial of the cause, the court made a general finding in favor of the appellee, the defendant below. Thereupon the appellant moved the court for a new trial; and, after argument, the court being satisfied that it had erred in its computation of the amounts of interest on the instalments of the judgment for alimony, and in deducting payments, and that there should have been a finding for the appellant, on her said judgment, in the sum of thirty-nine dollars and twenty cents, then unpaid, which said sum was a lien on the real estate described in said complaint, and should be enforced against said realty in the appellee's hands, the court then and there said to the appellee that unless he should consent that a judgment should be rendered in the appellant's favor, for said sum of $39.20. and for her costs, and that said real estate should be subjected to the payment thereof, the appellant's motion for a new trial should be sustained, and such new trial should be granted. Thereupon, the appellee having accepted and consented to the court's proposition, the appellant's motion for a new trial was overruled, and to this decision she excepted; and the court then rendered judgment in her favor for said sum of $39.20 and for her costs of suit, and that the same should be enforced against said real estate.

The appellant has here assigned as errors the decisions of the court below in overruling her demurrer to the first paragraph of appellee's answer, and in overruling her motion for a new trial.

We note the fact in the outset, that the appellee's counsel have failed to furnish this court with any brief or argument in support of the decisions of the trial court, and that we have been compelled to depend entirely upon the record and the elaborate brief of the appellant's counsel for such

information as we have in regard to the grounds upon which the court rested its decisions.

In the first paragraph of his answer the appellee alleged, in substance, that the appellant ought not to be allowed to plead the matters and things in her complaint stated, because he said that on February 25th, 1873, the judgment defendant, Philip Lash, paid on said judgment the sum of $226.02 ; that afterward, on March 9th, 1876, the appellee went to the office of the clerk of the court below for the purpose of paying off and discharging said judgment, knowing it to be a lien upon the real estate purchased by him of said Philip Lash, and described in appellant's complaint, and having in his hands a sufficient amount of the unpaid purchase-money therefor to pay off and satisfy said judgment, and to relieve and discharge his said realty from the lien thereof ; that he then and there proposed to the clerk of said court to pay said judgment, or any balance thereof then remaining of record unpaid ; that the said clerk and the appellant thereupon examined the record of said judgment, with the credits and previous payments thereon, as evidenced by said record ; that they found the following credits and receipts for payments upon said judgment, properly receipted thereon in the following manner : 1st. A payment of $113.00, endorsed on an execution issued for the first instalment, on September 16th, 1872, the receipt being dated November 6th, 1872 ; 2d. A receipt for $226.02, dated February 25th, 1873, given by the appellant to Philip Lash ; 3d. A payment of $100.00, endorsed on an execution issued March 5th, 1873, for the second instalment, which receipt had no date, but, from the date of the return of the execution, was made prior to August 9th, 1873 ; that thereupon the clerk of said court computed and found the amount due and unpaid on said judgment, on said 9th day of March, 1876, to be $74.65 ; that the appellee thereupon fully paid the said sum of $74.65, so found due and unpaid on said judgment ; that

afterward, on the —— day of March, 1876, the appellee paid, as he lawfully might do, to James N. Childs, the administrator of said Philip Lash's estate, all the balance of over $334.00 of the unpaid purchase-money of said real estate, which was more than sufficient to pay the amount then claimed, in appellant's complaint, to be due and unpaid on her said judgment; that, but for said receipts of payments and credits upon said judgment, the appellee would have fully paid any balance due and unpaid on said judgment; that said receipts and credits were made by the appellant, and her attorneys and lawful agents thereto; that, if said credits and payments were in any manner not correct, the error therein, if any, was wholly unknown to appellee; that at the date of his final payment, on March 9th, 1876, he did not know but that the said credits and payments were correct, and, if they were erroneous or incorrect, he was misled and deceived thereby, without any fault or negligence on his part; that, since his said payment to the administrator of said Philip Lash's estate, he had never had any funds or moneys in his hands, due said decedent's estate as purchase-money on said real estate so purchased by him of said decedent; that when he made said final payment, on March 9th, 1876, he made it in good faith, fully believing that his payment of said sum of $74.65 was a full and complete payment and discharge of said judgment, and of any balance then lawfully remaining due and unpaid thereon. Wherefore the appellee prayed judgment, if the appellant ought to be permitted, against her own acts and those of her agents, as hereinbefore stated, to allege and aver the several matters and things in her complaint contained.

In whatever light this first paragraph of the appellee's answer may be viewed, we are clearly of the opinion that it did not state facts sufficient to constitute any valid or legal defence to the appellant's cause of action, and that her demurrer to said paragraph of answer ought to have been sus-

tained. If it should be regarded as a special plea of pay-
ment, it was clearly bad for the reason that, while it pur-
ported, on its face, to be an answer to the entire complaint,
it was, in fact, an answer to only a part of the complaint.
It is well settled by the decisions of this court, that each
paragraph of answer must fully answer the entire complaint,
or so much thereof as it purports to answer, or it must be
held bad on a demurrer thereto for the want of sufficient
facts. *Reid* v. *Huston*, 55 Ind. 173; *Smith* v. *Little*, 67
Ind. 549; *Frazee* v. *Frazee*, 70 Ind. 411.

If, however, the facts alleged in said first paragraph of an-
swer were pleaded as an estoppel of the appellant, the para-
graph was clearly insufficient on the demurrer thereto for
the want of facts. The paragraph set up certain receipts,
alleged to have been given by the appellant and by her attor-
ney, for money paid, or claimed to have been paid, on the
judgment described in her complaint. It may be laid down
as a rule, we think, under the decisions of this court, that a
receipt for money paid is not conclusive, and will not work
an estoppel. It has been repeatedly decided by this court,
that a receipt may be explained, controlled, qualified or
even contradicted by parol evidence. *Henry* v. *Henry*, 11
Ind. 236; *Moore* v. *Korty*, 11 Ind. 341; *Krutz* v. *Craig*,
53 Ind. 561; *Pauley* v. *Weisart*, 59 Ind. 241; *Beedle* v. *The
State*, 62 Ind. 26. In *Lapping* v. *Duffy*, 65 Ind. 229, this
court held, "that, as the law does not provide for the receipt-
ing of judgments upon the record, or the effect of such re-
ceipts, they stand upon no other ground than ordinary re-
ceipts, and are subject to be explained or contradicted, as
against purchasers without notice." It would seem, there-
fore, that such receipts as those set up in the first paragraph
of answer, in the case at bar, could hardly be regarded as
constituting a good plea of estoppel. "Every estoppel, be-
cause it concludeth a man to allege the truth, must be cer-

Lash v. Rendell.

tain to every intent, and not to be taken by argument or inference." Co. Lit. 352, b.

But the law is settled, we think, that the doctrine of estoppel can have no application where everything in relation to the transaction is equally well known to both parties. *Fletcher* v. *Holmes*, 25 Ind. 458. In the case now before us, the appellant alleged in her complaint, that, shortly after the rendition of her judgment, the appellee became the purchaser of the real estate described, subject to the lien of her judgment for alimony, and assumed the payment thereof as a part of the purchase-money for said real estate. This allegation was not controverted, in any manner, in or by the first paragraph of answer, and, therefore, under section 74 of the code, it must "be taken as true" in determining the sufficiency of said paragraph of answer. If the appellee became the payor of the appellant's judgment, as we must assume that he did, we can not see how he could have been misled by the receipts given, or upon what ground it can be claimed that those receipts should estop the appellant from collecting the judgment from the real estate on which it was a lien, when the appellee, as the owner of the real estate, had assumed the payment of her judgment. Besides, it may be fairly inferred, we think, from the allegations of the first paragraph of answer, that duplicate receipts had been given for one of the instalments of the judgment, one by the appellant to Philip Lash, and the other by her attorney to the sheriff.

We conclude, as we began, with the expression of our opinion, that the first paragraph of the answer was clearly bad, and that the appellant's demurrer thereto for the want of facts was well taken, and ought to have been sustained.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to sustain the demurrer to the first paragraph of answer, and for further proceedings in accordance with this opinion.