### No. 10,678.

### THE OHIO FALLS CAR COMPANY *v.* MENZIES.

CONTRACT.— *Waiver of Condition.*—A written contract provided that the plaintiff should furnish the defendant 1,000,000 feet of lumber, described, 150,000 feet deliverable per month, commencing at a date fixed, at J., to be paid for on arrival with bill of lading, etc.; a single shipment only was made, three months after the time fixed for the first delivery, no bill of lading accompanying it, but the lumber was received without objection. *Held,* that the receipt of the lumber was a waiver of the conditions concerning time of delivery and bill of lading, and that the plaintiff could recover upon the contract.

From the Floyd Circuit Court.

*J. G. Howard, J. F. Reed,* —— *Stannard* and *A. Dowling,* for appellant.

*J. K. Marsh* and *A. P. Hovey,* for appellee.

MORRIS, .C.—The appellee sued the appellant for the price of a quantity of lumber, which he claims to have sold and delivered to the appellant, under and pursuant to the terms of a written contract between the parties, a copy of which is filed with and made a part of the complaint.

The appellant answered in two paragraphs, the first being the general denial and the second payment.

The suit was commenced in Clark county and taken by change of venue to Floyd.

The cause was submitted to the court for trial; the finding of the court was in favor of the appellee; the appellant moved for a new trial, on the grounds that the finding of the court was contrary to law and not supported by sufficient evidence. The court overruled the motion and rendered judgment for the appellee. The overruling of the motion is assigned as error.

The appellant insists that the evidence does not tend to show a right on the part of the appellee to recover on the written contract upon which the action is brought. This is the only question in the case. The counsel for the appellant say:

" By the special contract, which is the foundation of the action, the appellee agrees and binds himself to furnish and deliver at the wharf, at the city of Jeffersonville, 1,000,000 feet of white ash lumber (of the dimensions and at the prices therein mentioned), to be delivered at the rate of 150,000 feet per month, commencing on or before the 1st day of August, 1881, and on arrival of said lumber at said city of Jeffersonville, and receipt of bill of lading with invoice attached, the appellant agreed to forward two-thirds the amount of invoice to appellee, the balance to be paid on the 15th of the following month."

The appellant contends, correctly we think, that the testimony shows that the lumber sued for was the only shipment of lumber made by the appellee, and that it arrived at Jeffersonville on the 18th of November, 1881; that the barges on which the lumber was loaded for shipment to Jeffersonville were driven from the wharf where loaded by a storm, for which reason no bill of lading was made out before the barges left, but that upon their arrival at Jeffersonville an estimated bill of lading of the quantity of lumber was made out. No invoice of the lumber or other bill of lading was made or delivered to the appellant. The testimony in the case showed, or tended to show, that the appellant received and took possession of the lumber, without having received an invoice and

bill of lading; that it was satisfied as to the quality of the lumber, and did not object to it on the ground that it had not been delivered in time, or that the appellee had failed to deliver lumber during the previous months as provided for in the contract. There was some dispute between the parties as to the quality of lumber delivered, and the appellant contended that the proper evidence of the quantity had not been furnished; that no bill of lading, with an invoice of the quantity of lumber, had been furnished it. The appellant paid the freight and also paid the appellee $2,560, being two-thirds of the price on the estimated quantity of lumber, the estimate having been made for the purpose at 200,000 feet. This estimate was not to be conclusive. The appellant produced testimony tending to show an offer on its part to cancel the contract. The notice of this offer did not reach the appellee until after the lumber had arrived at Jeffersonville.

The appellant insists that the appellee can not, upon the facts proved, recover upon the contract, for two reasons:

*First.* Because the evidence shows that the appellee had not performed the contract on his part by furnishing lumber as therein provided during the previous months of August, September and October.

*Secondly.* Because the appellee had failed to furnish the appellant a bill of lading with an invoice of the quantity of lumber attached, as provided for in the contract.

Perhaps the appellant might, though we do not decide the question, have refused to receive the lumber in question on the ground that the appellee had failed to furnish lumber during the three preceding months as agreed. But it did not refuse to accept the lumber on the contract for any such reason. No such objection is shown to have been made, and the appellant did accept and take into its possession the lumber sued for. It was quite competent for the appellant to waive the time of performance, and that, too, without rescinding or doing away with the contract.

In the case of *Williams* v. *Bank,* 2 Pet. 96, the court says:

The Ohio Falls Car Company v. Menzies.

"If a party to a contract, who is entitled to the benefit of a condition, upon the performance of which his responsibility is to arise, dispense with, or by any act of his own prevent, the performance, the opposite party is excused from proving a strict compliance with the condition." See, also, *Attix* v. *Pelan*, 5 Iowa, 336.

"If," says Addison, "it is covenanted by the ship owner that the ship shall be at a particular port by a day named ready to take a cargo on board, the charterer or freighter may not be bound by his covenant or agreement to ship a cargo on board and pay freight, if the vessel is not ready at the place appointed by the day named; but, if, after the day has passed, the cargo is shipped on board pursuant to the covenant, the time of shipment can not be relied upon as a condition precedent to the payment of the freight." Addison Contracts, section 947.

In the case of *Simpson* v. *Crippin*, L. R. 8 Q. B. 14, the defendants had agreed to supply the plaintiff 6,000 to 8,000 tons of coal, to be delivered in the plaintiff's wagons at the defendant's colliery, "in equal monthly quantities during the period of twelve months from the 1st of July next." During the first month, July, the plaintiff sent wagons for about 158 tons only, and on the 1st of August the defendant wrote that the contract was cancelled on account of the plaintiff's failure to send for the full monthly quantity in the preceding month. The plaintiff refused to allow the contract to be cancelled, and the action was for the defendant's refusal to go on with the contract. The court held that, although the plaintiff had committed a breach of the contract by failing to send wagons in sufficient numbers the first month, the breach was a good ground for compensation, but did not justify the defendant in rescinding the contract. To the same effect is the case of *Haines* v. *Tucker*, 50 N. H. 307. See, also, *Masonic, etc., Ass'n* v. *Beck*, 77 Ind. 203, 207. (40 Am. R. 295); *Blair* v. *Hamilton*, 48 Ind. 32.

We think the court did not err in overruling the motion for a new trial on the ground that the appellee had not de-

livered lumber at the time stated in the contract. The acceptance of the lumber was a waiver of this objection. The appellant, by taking possession of the lumber, also waived the production of the invoice and bill of lading. Had the appellee furnished the invoice and bill of lading, as required by the contract, they would not have been conclusive upon the appellant as to the quantity of lumber. It would still have had the right to resort to other means for determining the quantity of lumber shipped. It is fairly inferable, from the evidence, that the appellant took possession of the lumber with knowledge of the fact that no bill of lading had been made, and of the circumstances which had prevented the appellee from procuring it. By taking possession of the lumber, to which the appellee was assenting, the appellant must be held to have assumed the burden of ascertaining the quantity of lumber shipped, and to have waived its right to an invoice and bill of lading, which enabled the appellee to sue upon the contract as fully as if an invoice had been furnished. There was no error in overruling the motion for a new trial.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.