No. 10,651.

STEWART v. BECK ET AL.

ESTOPPEL.—*Plea of.*—*Location of Gravel Road.*—*Injunction.*—A plea of es-
toppel must clearly and fully set forth all the facts essential to the exist-
ence of an estoppel, leaving nothing to intendment; and an answer of
estoppel to an action to enjoin the location of a gravel road on a line
different from that ordered by the board of county commissioners must
show, with sufficient certainty, the acts constituting such estoppel.

From the Boone Circuit Court.

*W. H. Thompson*, for appellant.

*C. S. Wesner* and *R. W. Harrison*, for appellees.

ELLIOTT, J.—The appellant's complaint seeks an injunc-
tion preventing the construction of a gravel road across his
land, and alleges that the order of the board directing the
opening and improvement of the road provided that it should
be located on a line dividing sections 25 and 30 and 26 and
35 in township 19; that one of the appellees is the engineer
of said road, and that the other is the contractor, and that
they are opening and improving the road on a line different
from that ordered, in this, that they are not constructing it
upon the line dividing the sections named, but are construct-
ing it wholly south of the section lines. The third para-
graph of the answer, with needless prolixity, sets forth the
proceedings before the commissioner, together with much evi-
dence, and alleges that the engineer and viewers, at the time
of surveying the line of the road, set stakes along the center
of the proposed road, "and did proceed to construct the same
on the line designated by such stakes; that appellant was one
of the petitioners for the road; that he was present when the
road was located through his premises and during the time
the work was in progress, and gave his full consent thereto,
and with knowledge of all the facts permitted the work to
progress until more than half completed.

The answer assumes to plead an estoppel, and it is a famil-
iar rule of pleading, that such a plea must clearly and fully

set forth all the facts essential to the existence of an estoppel, leaving nothing to intendment.   *Robbins* v. *Magee,* 76 Ind. 381 ; *Lash* v. *Rendell,* 72 Ind. 475.   Measured by this rule, the answer is bad.   It does not deny the statement of the complaint that the road was being opened entirely south of the line prescribed by the commissioners' order, and it fails to show, with sufficient certainty, any act of appellant estopping him from enjoining appellees from taking part of his land not embraced within the order of the board.   It does not aver with that precision which is necessary in such a case as this, that the appellant consented to setting the stakes on a line different from that designated in the order.   Had it done this with sufficient particularity, it may be that it would have been good.   As the answer now stands, it simply charges that the appellant consented to the location of the road, and this must be construed to mean not that he consented to setting the stakes, but to the location described in the order.

Judgment reversed.

Petition for a rehearing overruled.