Filed March 11, 1886.

---

No. 11,445.

## SCOTT v. SCOTT.

CONTRACT.—*Release of Claim Against Debtor.—Consideration.*—Where a creditor agrees to release a claim against his bankrupt debtor, in consideration that the latter will pay his other creditors a certain per cent. of their claims and procure a dismissal of pending bankruptcy proceedings, the consideration, in the absence of fraud or mistake, is a valid one.

SAME.—*Performance.—Pleading.*—To make such agreement available as a defence to an action by the creditor on the claim agreed to be released, the debtor must show that he has paid to the other creditors the per cent. agreed upon. A general averment that he "settled with them" is not sufficient.

SAME.—*Release.—Parol Evidence Admissible to Explain.*—A release, reading "I hereby release my claim for six hundred and thirty-seven and $\frac{75}{100}$ dollars, now in the hands of the assignee, against G— S——, bankrupt," may be explained, qualified or contradicted by parol evidence, and the circumstances under and the purposes for which it was executed may be shown.

From the Hancock Circuit Court.

*J. A. New* and *J. W. Jones*, for appellant.

*C. G. Offutt* and *R. A. Black*, for appellee.

Scott *v.* Scott.

ZOLLARS, J.—Appellant brought this action to recover upon a promissory note executed by appellee. Two of the assigned errors are the overruling of appellant's demurrer to the second and third paragraphs of appellee's answer. Appellee embodied in and based the second paragraph of his answer upon the following written instrument, executed by appellant, viz.:

"JANUARY 13th, 1875.

"I hereby release my claim for six hundred and thirty-seven and $\frac{75}{100}$ dollars, now in the hands of the assignee, against George Scott, bankrupt. E. H. SCOTT."

The circumstances which led to the execution of this instrument, and the consideration therefor, are stated in that paragraph of answer substantially as follows: Upon his own petition, appellee was adjudged a bankrupt by the district court of the United States for the District of Indiana, in 1875. The note here in suit was included in the schedule which accompanied the petition. After the appointment of an assignee, appellant proved his claim against the estate of the bankrupt. While the estate was pending in court for settlement, appellant "agreed to and with the defendant, and to and with the other creditors of the said defendant, that in consideration that the said defendant would pay to his other creditors a certain per cent. upon his indebtedness to them, and would * * * procure a dismissal of said proceedings by said court, he, said plaintiff, would release and discharge him from the payment of said note. And in pursuance of said agreement, the said plaintiff then and there executed to the defendant a certain written release of said indebtedness, so evidenced by said note, and which release is in the following words and figures:" * * * Upon the execution of said release, and in consideration thereof, the defendant settled with his other creditors, and upon petition presented by him to said court, in which petition the plaintiff joined, in order to convince the court that appellee had settled with all of his creditors, the proceedings in bankruptcy were dismissed.

Whether or not a presumption might be indulged that the release was given for a sufficient consideration, did the answer contain no averments upon the subject of consideration, is a question we need not here determine.

The pleader has undertaken to set out in full the conditions upon which the release was executed, and the consideration therefor. If in this attempt the facts stated are such as show that there was no consideration for the release, or that it was executed upon conditions that have not been kept and performed by appellee, the plea must fall before the demurrer directed against it.

It is argued by counsel for appellant, that the answer fails to show that the release was executed upon a sufficient consideration, in that it shows that no advantage accrued to appellant, and that neither appellee nor the other creditors suffered, or could suffer, any loss or inconvenience. Upon the hypothesis that the answer states specifically that the release was executed in consideration of appellee paying a stated amount to the other creditors, and procuring a dismissal of the proceedings in bankruptcy, we think it states a sufficient consideration, in the absence of mistake or fraud. In the absence of such agreement, appellee was not bound to pay to the other creditors the exact amount stipulated, and was not bound to procure a dismissal of the proceedings. He thus undertook to do something in consideration of the release by appellant. What he thus undertook to do, may have been of no benefit to appellant, and of but little inconvenience to him, and without actual damage. However that may be, the undertaking by appellee was a consideration, and there being no fraud or mistake, and the parties being competent to contract, they, and not the courts, must judge of the sufficiency of the consideration. When a party gets all he contracts for, he can not complain that the consideration is not a valuable one. *Wolford* v. *Powers*, 85 Ind. 294 (44 Am. R. 16); *Shade* v. *Creviston*, 93 Ind. 591; *Fleetwood*

v. *Dorsey Machine Co.*, 95 Ind. 491; *Laboyteaux* v. *Swigart*, 103 Ind. 596; *Chicago, etc., R. W. Co.* v. *Derkes*, 103 Ind. 520.

This paragraph of answer, however, is infirm, in that it does not aver that appellee undertook to pay to the other creditors any certain and fixed per cent. of their claims, and that he paid that per cent. The averments are, that in consideration that appellee would pay to his other creditors "a certain per cent." upon his indebtedness to them, and that upon the execution of the release "the defendant settled with his other creditors." It is not alleged in general terms even, that appellee settled with the other creditors by paying to them the per cent. agreed upon with appellant. For aught that appears, the terms upon which he settled with his other creditors were altogether different from those agreed upon with appellant, and without any reference at all to any uniform per cent. If appellee seeks to hold appellant to an arrangement by which he released a debt of over six hundred dollars without any money consideration, he must show that he has strictly performed his part of the undertaking. This he has not done in the answer, and hence the court below erred in overruling the demurrer thereto.

The third paragraph of the answer is defective and insufficient for like reasons. The demurrer to it should have been sustained.

We think, too, that the court below erred in sustaining appellee's demurrer to the third paragraph of appellant's reply, and in suppressing such parts of his depositions as tend to support it. That paragraph set up, substantially, the following facts: Appellant, upon his own petition, was adjudged a bankrupt, as stated in the answers. After he was thus adjudged a bankrupt, he was desirous of having the proceedings dismissed, and, upon his request, appellant undertook to assist him by buying up the claims against him, and entering a release of the same. Whether or not this release was upon partial payment is not stated. After these claims were thus bought up and released, appellee represented to appellant that

he was unable to procure the dismissal of the proceedings in bankruptcy, unless he could procure from him the written release set out in the answer. In order to procure that release, appellee agreed that it should be used for the purpose only of procuring a dismissal of the proceedings; that it should not be considered a release of the debt which appellant had against him, as evidenced by the note, and that he would pay the note in full. Upon these representations and agreements, and upon none other, appellant executed the release.

If this reply be true, and that it is true is admitted by the demurrer, the release served its whole purpose when it was used, if it was so used, in procuring the dismissal of the proceedings in bankruptcy. It was not intended by either party to be a release of the debt evidenced by the note. On the contrary, the express agreement was that the note should remain in full force, and be paid in full. Appellee had set out in his answers the circumstances under which the release was executed, the purpose of it, and the consideration therefor. It would seem clear that appellant had the right to meet those statements, by averring in his reply the facts which he there set up. We think, too, that in any event appellant has the right to show the circumstances under which the release set out in the answer was executed, the purpose of its execution, the consideration therefor, and that it served its whole purpose when used in procuring the dismissal of the proceedings in bankruptcy.

The release upon which appellee relies is so similar to a receipt that we think the rules of evidence applicable to a receipt may here be applied to the release. A receipt may always be explained, controlled, qualified, or even contradicted by parol evidence. *Lash* v. *Rendell,* 72 Ind. 475. See, also, *Hight* v. *Taylor,* 97 Ind. 392.

We need not extend this opinion to notice other paragraphs of the reply, and other alleged errors discussed by counsel, as upon a remodelling of the issues, and a re-trial of the case, those questions may not be involved.

For the errors of the court below already pointed out the judgment is reversed, at appellee's costs, and the cause is remanded, with instructions to the court below to proceed in accordance with this opinion.

