Filed April 16, 1892.

---

No. 418.

THE OHIO AND MISSISSIPPI RAILWAY COMPANY *v.* CRUMBO ET AL.

EVIDENCE.—*Receipt.*—*Prima Facie Evidence.*—*Subject to Explanation, etc.*—A receipt is only *prima facie* evidence of what it contains. It will not work an estoppel, and may be explained, controlled, qualified, or even contradicted by parol evidence.

SAME.—*Performance.*—*Prevention of.*— *Proof of Strict Compliance.* — *Excuse from.*—If a party to a contract, who is entitled to the benefit of a condition, upon the performance of which his responsibility is to arise, dispense with, or by any act of his own prevents, the performance, the opposite party is excused from proving a strict compliance with the condition.

INSTRUCTIONS TO JURY.— *When Should be Refused.*—*Performance of Contract.* —*Proof of Necessary When.*—In an action to recover for extra work performed at the request of the defendant, the defendant requested the court to give an instruction to the jury based upon the assumed posi-

tion that the plaintiff was required to show, before he could recover that the defendant's engineer had certified under the contract that the contract had been completely performed.

*Held*, that, as the action was for work performed outside of the contract it could not be governed by the contract, and that the instruction was correctly refused. That the evidence supports the verdict, see opinion.

From the Floyd Circuit Court.

*C. L. Jewett* and *H. E. Jewett*, for appellant.

*J. V. Kelso* and *C. D. Kelso*, for appellees.

Robinson, C. J.—This action was commenced by the appellee against the appellant and the New Albany and Eastern Railway Company. Said last named corporation was not served with process, and did not appear to the action. The cause was tried upon the issues joined upon the first paragraph in the complaint, which sought to recover three hundred dollars for extra work done in the construction of a railroad bridge over Silver Creek near New Albany under a written contract executed between the appellees and George S. Morrison on behalf of the appellant. The complaint alleged that the extra work sued for was in excess of the requirements of the plans and specifications for the construction of said bridge under said contract, and that appellant promised and agreed to pay appellees a fair and reasonable compensation therefor; that said work in excess of the requirements and specifications so done consisted in drafting all the corners of all the abutments of said bridge, and was reasonably worth three hundred dollars.

The answer was general denial and payment. The cause was tried by a jury. The verdict was in favor of the appellees for three hundred dollars. Judgment was rendered on the verdict over a motion for a new trial, to which exception was taken.

The argument of the appellant is limited to the alleged error of the court in overruling the motion for a new trial. It is first insisted that the motion for a new trial

should have been granted because the verdict of the jury was not sustained by sufficient evidence.

It is contended by the appellant that the answer of payment was fully sustained by a receipt executed by the appellees to the appellant and put in evidence on the trial of the cause, and that said receipt concluded the appellees from asserting a claim for extra work done under the contract set out in the complaint. From a careful examination of the evidence, when the rule of law as to the force and effect of a receipt is applied thereto, we can not concur with the appellant in the position assumed.

The receipt read in evidence was a final estimate and statement of account of all work done by appellees under the contract on Silver Creek masonry, setting out specifically the kind of work done and the estimate therefor, in which it was shown there was a balance due the appellees and that appellees received said balance in full of said account. There was nothing contained in the statement of the account, the estimate of the work or the receipt in any form covering the cost of the extra work in "drafting corners" and sued for in this action.

There was evidence which tended to sustain appellees' claim for "extra work." There was also evidence that appellees refused to sign said receipt when first presented, and accept the balance due them as shown by the statement therein without payment for the extra work claimed. There was also evidence that tended to show that when appellees did in fact sign the receipt they still claimed payment for extra work, and that the appellant claimed that the receipt was in full payment, that the "drafting of the corners" was not "extra work," but came under the provisions of the contract, and was contained in the account and estimate of the work. The contention, therefore, upon the trial of the cause, upon this branch of the case was whether appellees were entitled to payment for the extra work claimed, or whether the same came under

the provisions of the contract, and had been paid for when appellees signed the receipt for the purported balance due on the account.

The question under these facts is obvious, " were the appellees concluded by the receipt from asserting a claim for ' extra work ' under the contract, if such extra work was not in fact included in said estimate and account and paid for at the time of the execution of said receipt ? "

The law is settled by the decisions of the Supreme Court of this State that a receipt is only *prima facie* proof of payments, and is not conclusive. A receipt will not work an estoppel, and may be explained, controlled, qualified or even contradicted by parol evidence. *Henry* v. *Henry,* 11 Ind. 236 ; *Moore* v. *Korty,* 11 Ind. 341 ; *Krutz* v. *Craig,* 53 Ind. 561 ; *Pauley* v. *Weisart,* 59 Ind. 241 ; *Beedle* v. *State, ex rel.,* 62 Ind. 26 ; *Lash* v. *Rendell,* 72 Ind. 475 ; *Scott* v. *Scott,* 105 Ind. 584 ; *Adams* v. *Davis,* 109 Ind. 10.

The evidence in this case seems to have been confined to the rule laid down in these cases, and to have tended to sustain appellees' claim that extra work had been done on said bridge, for the payment of which appellant was liable, and that the same was not contained in or paid for in the receipt introduced in evidence.

It is next claimed by appellant that, as the appellee did not show under a provision in the contract to that effect, that the appellant's engineer had certified that the work was fully completed, appellee had no right of action. It would perhaps be sufficient to say that this stipulation in the contract did not apply to the claim made in this action for extra work, but the absence of such evidence was not fatal to the appellees' cause of action because appellant failed and refused to pay for the extra work in drafting said corners on the ground that there was no liability.

" If a party to a contract, who is entitled to the benefit

of a condition, upon the performance of which his responsibility is to arise, dispense with, or by any act of his own prevents, the performance, the opposite party is excused from proving a strict compliance with the condition." *Ohio Falls Car Co.* v. *Menzies*, 90 Ind. 83.

The last claim of the appellant is that the court erred in refusing to give the jury instruction numbered three, which instruction was based upon the position assumed by the appellant that appellees were required to show before they could recover in this action that appellant's engineer had certified under the contract that the contract had been completely performed. We have disposed of this question in holding that the failure of the engineer to make such certificate was not, under the evidence, fatal to appellees' right of recovery in this action.

The court did not err in overruling appellant's motion for a new trial.

The judgment is affirmed at appellant's costs.

Filed March 2, 1892; petition for a rehearing overruled April 16, 1892.