No. 2,044.

FRENCH v. ARNETT, ADMINISTRATOR.

EVIDENCE.—*Deed.*— *Consideration.*— Where the consideration in a deed is expressed in general terms, as being in ''satisfaction of any and all claims of any and all kinds of the grantee against the grantors, or either of them," parol evidence is admissible to show the nature of the consideration.

From the Sullivan Circuit Court.

*Briggs & Lindley,* for appellant.

*G. W. Buff* and *W. R. Nesbit,* for appellee.

DAVIS, C. J.—On the 16th day of May, 1887, Hester French, widow of James French, deceased, entered into an agreement with appellant and his brothers and sisters, who were the children of said James French by a former marriage, by the terms of which the children agreed to pay their stepmother $500.00, and to allow her to occupy and use certain real estate, and to furnish her provisions, clothing, and furniture, etc., during her life, in consideration of the release to them, of all her rights in the estate of her husband.

Afterwards, on the 8th day of November, 1894, appellant executed to her his note for $200.00, payable in twelve months.

On account of the alleged failure of the children to comply with the terms and conditions of the agreement, she threatened to institute an action against them.

In order to settle and adjust the differences between herself and her stepchildren, growing out of their alleged failure to comply with said agreement, they,

on the 25th day of May, 1895, conveyed certain real estate to her.

In that deed there appeared the following: "This conveyance is made by the grantors, and accepted by the grantee, in full satisfaction of all claims of the grantee against the grantors, or either of them, to this date, and of any and all kinds, and in satisfaction of any pretended claims of the grantee against the estate of James French, deceased, of any and all kinds."

On the 12th day of December, 1895, after the death of said Hester French, this action was instituted by the appellee, as administrator of her estate, against the appellant on said note.

A trial by the court, on issues joined, resulted in a finding and judgment against appellant for the amount of the note, with interest, less the credit of $100.00 thereon, herinafter mentioned.

Counsel for appellant insist that the stipulation contained in the deed hereinbefore set out, conclusively shows that the note in suit was satisfied by that conveyance. It is earnestly contended that oral evidence was not admissible on the trial, in the court below, to prove that the consideration for the execution of the deed was the release of the claims of the grantee against the appellant and the other grantors for breach of the contract entered into in 1887, and that it was error to admit evidence showing that the note was not included in the claims mentioned in the stipulation in the deed.

Although presented by different rulings, this is the cnly question before us on this appeal.

It is well settled that a written contract cannot be changed, contradicted or varied by parol, unless for mistake or fraud.

It is equally well settled that a deed is not con-

clusive upon the question of consideration, except so far as the consideration may affect the validity of it as an instrument of conveyance. *Maris* v. *Iles, Admr.,* 3 Ind. App. 579; *Nichols, Shepard & Co.* v. *Burch,* 128 Ind. 324; *McDill* v. *Gunn,* 43 Ind. 315.

The general rule is that the actual consideration of a deed may be shown by parol evidence. *Levening* v. *Shockey,* 100 Ind. 558.

There is, perhaps, in some instances, an exception to this general rule, where the deed states the consideration fully and specifically. *Bever* v. *North,* 107 Ind. 544; *Hays* v. *Peck,* 107 Ind. 389.

However this may be, in the deed before us the consideration is not so fully and specifically stated as to come within the exception. The consideration as expressed in the deed is stated in general terms as being in satisfaction of any and all claims of any and all kinds of the grantee against the grantors, or either of them. No specific, precise, particular or definite claim, or class of claims, against the grantors, or either of them, is mentioned.

The stipulation in relation to the consideration is not contractual, but it is in the nature of a receipt or release, which can be explained by parol evidence. The circumstances under which it was inserted in the deed and the actual consideration therefor, were questions for the jury. *Miller, Admr.,* v. *Eldridge* 126 Ind. 461; *Rowe, Tr.,* v. *Rand, Rec.,* 111 Ind. 206; *Scott* v. *Scott,* 105 Ind. 584; *Ohio, etc., R. W. Co.* v. *Crumbo,* 4 Ind. App. 456.

There is evidence tending to prove that in consideration of the services of appellant in procuring the execution of the deed by his brothers and sisters, to his stepmother, she, in pursuance of an agreement with him to that effect, on the 25th day of May, 1895, in his presence, caused a credit of $100.00 to be placed

on said note; that the credit was indorsed on the note in his presence is not controverted. It is clear that it was then contemplated by appellant and his stepmother that he should pay the residue of the note. He made no claim at the time the deed was executed, or at any other time prior to the death of his stepmother, that the note was satisfied by that conveyance. Excepting the services aforesaid, he never paid anything on the note. The other children received no consideration for the execution of the deed, except the release of the claims against them, growing out of the alleged breach of the agreement entered into in 1887. There is no intimation, either in the evidence or argument, that he was entitled to any preference over the others in addition to the $100.00, for which he received credit on the note. There is not a scintilla of evidence, aside from the stipulation in the deed, tending to prove that the note in suit was satisfied by that conveyance. On the contrary, all the facts and circumstances tend to prove that the deed was executed solely in consideration of the release of all claims against the children, growing out of the 1887 contract.

In our opinion, the merits of the cause have been fairly tried and determined in the court below. Section 670, R. S. 1894.

Judgment affirmed.

