Fox *et al. v.* Cox *et al.*

---

FOX ET AL. *v.* COX ET AL.

[No. 2,446.    Filed April 26, 1898.]

EVIDENCE.—*Weight Of.*—Where there is some evidence to support the judgment the Appellate Court will not reverse the judgment on the ground that it is not sustained by the evidence. *pp. 62, 63.*

WITNESSES.—*Expert Testimony.—Discretion of Court.*—The extent of a witness' knowledge before being permitted to testify as to the value of mill machinery is within the discretion of the trial court, and it is only where there is a total lack of such knowledge, or

there is a palpable abuse of such discretion, that the appellate tribunal will interfere.  *p. 63.*

WITNESSES.— *Evidence.— Expert Testimony.—Competency.*—The extent of a witness' knowledge of the subject-matter about which he testifies as to values goes to the weight of his testimony, and not to its competency.  *p. 63.*

EVIDENCE.—*Receipt.—May Be Explained by Parol Evidence-—*A receipt which has none of the elements of a contract is only *prima facie* evidence of the statements it contains, and may be explained or contradicted by parol evidence.  *p. 63.*

SAME.—*Sales.—Statement of Parties at Time of Sale Part of Res Gestæ.—Replevin.*—In an action in replevin, where both parties claimed the property under a sale, and a receipt was introduced in evidence to show a sale to one of the parties, the statements of the parties made at the time the sale was made and the receipt was executed were competent evidence as a part of the *res gestæ.  pp. 63, 64.*

SAME.—*Admissibility.—Sales.*—In an action to replevin mill machinery, where both parties were claiming the property under a sale thereof, a deed purporting to convey the real estate and mill property in which was situated the machinery in dispute, and the record of the circuit court quieting the title to the same property were properly admitted in evidence as bearing on the question of the ownership of the property in dispute.  *p. 64.*

From the Parke Circuit Court.   *Affirmed.*

S. D. Puett, ·John S. McFaddin, A. C. Ayres, A. Q. Jones and Caroline B. Hendricks, for appellants.

J. M. Johns, for appellees.

ROBINSON, C. J.—Appellants brought suit in replevin for certain mill machinery, and for damages. Judgment was rendered in appellees' favor.   Appellants' motion for a new trial was overruled, and this ruling is the only error assigned.   A new trial was asked, because the decision was not sustained by sufficient evidence, was contrary to the evidence and the law, and because of the admission of certain evidence set out in the motion.

It is not claimed that there was a failure of proof upon any material issue in the case.   We have carefully considered the evidence, and find there was some evidence upon which to base the finding.   It has been

so often held that the preponderance of the evidence is a question for the jury or trial court that the citation of authorities to that effect is unnecessary.

The fourth and sixth grounds for a new trial were, permitting two witnesses to testify as to the value of certain machinery.   It is not necessary that a witness should be an expert before testifying in such a case. The extent of a witness' knowledge before being permitted to testify as to values is within the discretion of the trial court, and it is only where there is a total lack of such knowledge, or there is a palpable abuse of discretion, that the appellate tribunal will interfere.   It is shown the witnesses had some knowledge of the subject-matter, and of the particular property. The record shows they were competent to testify, the weight of their testimony was for the court.

The extent of a witness' knowledge of the subject-matter about which he testifies as to values, goes to the weight of his testimony and not to its competency. See *Smith* v. *Indianapolis, etc., R. R. Co.*, 80 Ind. 233; *Terre Haute, etc., R. R. Co.* v. *Crawford*, 100 Ind. 550; *City of Lafayette* v. *Nagle*, 113 Ind. 425.

A receipt that has none of the elements of a contract, may be explained or contradicted by parol evidence.   It is only *prima facie* proof of the statements it contains, and is not conclusive.   *Ohio, etc., R. W. Co.* v. *Crumbo*, 4 Ind. App. 456, and cases cited; *Adams* v. *Davis*, 109 Ind. 10; *Scott* v. *Scott*, 105 Ind. 584.

A receipt was in evidence to the effect that the property in suit was sold to one of the appellees on March 13, 1895, by one Ekelsberry.   Appellants were claiming the property by purchase from the same party, at a subsequent date.   What the parties said at the time of the transfer on March 13, concerning the sale, and the amount paid, was competent evidence as a part of the *res gestae*.   While it is well

settled that a party to a suit cannot prove his own declaration, made in the absence of his adversary, to sustain his cause of action; yet the rule is declared to be that "Where an act is competent, so, also, are the declarations of the persons engaged in its performance and constituting a part of the thing done." *Pennsylvania Co.* v. *Weddle,* 100 Ind. 138; *Walker* v. *Steele,* 121 Ind. 436; *Creighton* v. *Hoppis,* 99 Ind. 369.

There was no error in admitting in evidence a deed purporting to convey to appellee Cox the real estate and mill property in which was situated the milling property in dispute, and also the record of the circuit court quieting title to the same property. We are not informed how such evidence could harm appellants. We think it would tend to show who was entitled to the possession of the mill property, and would have some bearing on the question of title to the personal property. Upon the whole record, we can but conclude that the case was properly decided upon its merits. Judgment affirmed.